THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LOUIS TOLIVER, Appellant.

Fourth Department February 15, 1968.

*Bruce K. Carpenter* for appellant.

*Michael F. Dillon, District Attorney* (*Herbert J. Herman* of counsel), for respondent.

MARSH, J.   Trial of defendant Toliver and four codefendants on indictments charging conspiracy to commit the crime of illegally selling narcotics in violation of section 580-a of the Penal Law, a felony, and violation of subdivision 1 of section 1751 of the Penal Law with respect to narcotic drugs, a felony in two counts, was commenced April 7, 1967.   The examination of prospective jurors continued for several days and on April 12, 1967, the defendant and two other defendants withdrew their pleas of not guilty, the defendant pleading guilty to a reduced charge of attempted violation of section 580-a of the Penal Law, attempted conspiracy, a felony.   Defendant's plea followed several discussions between defendant's assigned counsel, the defendant, the Assistant District Attorney, and counsel for the other defendants.   At the time of the entry of the plea the following colloquy took place:

Mr. Dobozin [Assistant District Attorney]: In reference to Indictment No. 32,608-PP-A, It is my understanding Louis Toliver, who is present in court with his attorney, Mr. Tizzano, wishes to withdraw his plea of not guilty to the single count in that indictment and enter a plea of guilty to the reduced charge of attempted conspiracy, or attempted 580-a.

The Court: Mr. Toliver, you have heard what the District Attorney has said, that at this time you wish to withdraw your previous not guilty plea to the indictment charging you with a 'violation of Section 580-a of the Penal Law, conspiracy as a felony, and in its place enter a plea of guilty to the reduced charge of attempted violation of Section 580-a of the Penal Law, which would be an attempt to commit conspiracy.   Is this correct?

The Defendant: Yes, Your Honor.

The Court: Have you talked this matter over thoroughly with your attorney, Mr. James Tizzano now present with you?

The Defendant: Yes.

The Court: Have any force, threats or duress been used upon you to obtain this plea?

The Defendant: No, sir.

The Court: Have any promises been made to you?

The Defendant: No.

The Court: Are you now desirous of entering this plea of your own free will and upon your attorney's advice?

The Defendant: Yes, sir.

The Court: Do you understand that this plea to the attempted conspiracy is the result of negotiations between yourself, that is you, and your attorney and the District Attorney?

The Defendant: Yes, sir.

* * *

The Court: How do you plead to the crime of attempted violation of Section 580-a of the Penal Law, that is, attempt to commit conspiracy as a felony?

The Defendant: Guilty, your Honor.

On May 26, 1967, prior to sentence the defendant, represented by retained counsel, moved to withdraw his plea.   While no statement of the fact is made in the defendant's petition to the

court his counsel on the argument of the motion asserted that the " Defendant denies he is guilty of the charges filed against him by the Grand Jury.'' In his argument against granting the motion the prosecutor pointed out that as recited in his affidavit, the People's case involved the use of informants and the purpose of the taking of the plea was to maintain the secrecy of the informants. A new trial on the indictment would involve difficulties in finding and producing the informants who were available when the orginal trial was commenced and the plea taken. The court denied defendant's motion. During the proceedings, prior to the sentence, the defendant was asked if he had legal cause to show why the judgment of the court should not be pronounced against him and stated: '' The motion that I stated to withdraw the pleas and I feel I am not guilty as charged ''. The court sentenced the defendant to one year and nine months to three and a-half years at Attica.

From the colloquy between the court and the defendant at the time he entered his plea it is clear that the defendant voluntarily entered a plea to attempted conspiracy, a felony in violation of section 580-a of the Penal Law with a full understanding that such plea was a negotiated plea in compromise of charges pending against him.

As was pointed out by the Court of Appeals in *People* v. *Griffin* (7 N Y 2d 511) quoted with approval in *People* v. *Foster* (19 N Y 2d 150, 154): '' ' Moreover, the practice of accepting pleas to lesser crimes is generally intended as a compromise in situations where conviction is uncertain of the crime charged. The judgment entered on the plea in such situation may be based upon no objective state of facts. *It is often a hypothetical crime,* and the procedure — authorized by statute — is justified for the reason that it is in substitution for a charge of crime of a more serious nature which has been charged but perhaps cannot be proved * * * his plea may relate to a *hypothetical situation without objective basis* ' (p. 516; emphasis added).'' The court in *People* v. *Foster* then went on to say: '' We agree with this reasoning in dealing with acceptance of guilty pleas. While there may be question whether a plea to attempted manslaughter is technically and logically consistent, such a plea should be sustained on the ground that it was sought by defendant and freely taken as part of a bargain which was struck for the defendant's benefit.''

The defendant, having pleaded guilty to what, in the situation here presented, was a hypothetical crime, there was no reasonable basis for an inquiry by the court into the factual circumstances underlying the particular crime pleaded to. No

charge of fraud, misrepresentation or misunderstanding in connection with the plea was made to the court which might have required further inquiries by the court.

As distinguished from *People* v. *Lang* (21 N Y 2d 338) decided December 29, 1967, where the defendant before sentence unequivocally asserted his innocence of one of the crimes previously pleaded to and stated facts which would cast doubt on his guilt of the other, the defendant here, after negotiating a plea, went no further than to state he felt he was not guilty " as charged " and denied his guilt of " the charges filed against him by the Grand Jury."

Under all the circumstances appearing here the sentencing court was warranted in not permitting the withdrawal of defendant's plea.

We find no merit to the other contentions asserted by defendant for reversing the judgment of conviction.

The judgment should be affirmed.

GOLDMAN, J. P., DEL VECCHIO, WITMER and HENRY, JJ., concur.

Judgment unanimously affirmed.