■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE C. MALINOWSKI, Also Known as GEORGE MALINOSKI, Appellant.— Appeal from a judgment of the Rensselaer County Court convicting defendant of murder in the first degree (Penal Law, § 125.25, subd. 1) upon a plea of guilty during trial and from intermediate orders therein which denied motions to suppress a purported confession and lineup identification, which denied a motion to reopen the pretrial hearing for the purposes of offering evidence on behalf of the defendant, and from an order denying defendant's request, made before sentencing, to withdraw his plea of guilty. At the time of accepting the plea of guilty, the customary questions of undue influence and promises of leniency were not asked, but the court did question the defendant, at length, to determine if he had discussed the plea with counsel and his parents, if he understood the facts of the crime, that his plea was an admission of guilt and the possible penalty. No particular method of inquiry is required on taking a plea, but care must be exercised, considering all the circumstances, to insure that the plea is voluntarily made without promise of favor and that the defendant's decision is a knowledgeable one. (*People v. Nixon*, 21 N Y 2d 338.) Two weeks later, when this 17-year-old boy appeared for sentencing, he asked to withdraw his plea. He was not given an opportunity to explain why, but was merely asked if he had admitted guilt two weeks earlier and, in effect, the court recited to defendant the original questions and answers. Without any allocution the motion to withdraw the plea was summarily denied and defendant sentenced to 15 years to life in prison. The matter must be remanded for resentencing because of the failure to give the allocution (Code Crim. Pro., § 480; *People ex rel. Miller v. Martin*, 1 N Y 2d 406). The court should at

that time make an appropriate inquiry to determine the circumstances of defendant's desire to withdraw his plea of guilty. (*People* v. *McKennion,* 27 N Y 2d 671.) Generally, a plea of guilty may not be withdrawn unless there is some claim of innocence or fraud, coercion or mistake in inducing the plea. (*People* v. *Laskaris,* 28 A D 2d 586; *People* v. *Wright,* 20 A D 2d 857.) The defendant was not given an opportunity to explain his request at the sentencing. (Cf. *People* v. *Schoonover,* 15 A D 2d 862.) He should be allowed to do so at the resentencing so that we may review. (*People* v. *Schiskie,* 24 A D 2d 807.) Since the matter must be remanded, the pretrial suppression hearing should be reopened to give defendant an opportunity to submit the evidence requested. Judgment reversed, on the law; order of July 23, 1970 denying the motion to reopen, and the order of June 1, 1970 denying suppression of evidence vacated; and defendant remanded to the County Court of Rensselaer County for resentencing and further proceedings as directed by this memorandum. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Simons, JJ., concur.