■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH G. SILIPO et al., Appellants.—Appeals from judgments of the County Court of Albany County, rendered December 12, 1972, convicting defendants upon their pleas of guilty to the crime of promoting gambling in the first degree and sentencing each defendant to three years' probation. On October 24, 1972 both defendants, Ralph G. Silipo and Leo G. Sarinelli, with counsel, appeared before the Albany County Court and each moved to change his plea of not guilty to promoting gambling in the first degree (Penal Law, § 225.10, subd 1), a class E felony, to guilty, in full satisfaction of all other indictments. The court inquired as to each defendant concerning the voluntariness of his motion, his knowledge of the consequences and his awareness that the plea was an admission of the acts charged. Each replied in the affirmative. On November 29, 1972 the defendants, with new counsel, moved to withdraw their pleas of guilty to gambling in the first degree on the ground that at the time of the entry of the pleas each mistakenly believed that he was pleading to a misdemeanor rather than a felony. Each claimed his original attorney was the source of his error since he allegedly did not inform them that promoting gambling in the first degree was a felony. The court afforded defendants a full hearing at which each testified as did their former counsel. The latter stated that he had informed the defendants that the People would only accept a plea to a felony and, further, that the indictment charging promoting gambling in the first degree was, indeed, a felony. Defendants' contentions on the motion and the cases cited in support thereof misconstrue CPLR 220.60. Mere allegations of mistake or innocence or of the lack of prejudice to the People do not mandate a grant of a motion to withdraw a guilty plea. To the contrary, if the court, after hearing, determines that a defendant, on entering a plea, knowingly and voluntarily waived his constitutional rights *(United States ex rel. Leeson v Damon,* 496 F2d 718; cf. *McCarthy v United States,* 394 US 459), it may properly exercise its discretion and deny the motion (cf. *People v Malinowski,* 37 AD2d 662; *People v Laskaris,* 28 AD2d 586). Indeed, in this case the motion court fully met the standard set by the Court of Appeals in *People v Friedman* (39 NY2d 463) and in *People v McKennion* (27 NY2d 671) by affording the defendants a full opportunity to present and support their position. As stated in *People v Tinsley* (35 NY2d 926, 927), "The nature and extent of the fact-finding procedures prerequisite to the disposition of such motions rests largely in the discretion of the Judge to whom the motion is made." We cannot say that the trial court abused its discretion in light of the uncontradicted testimony of defendants' former counsel that they had

been fully apprised of the nature of their guilty pleas. Judgments affirmed. Sweeney, J. P., Kane, Mahoney, Main and Mikoll, JJ., concur.