■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM COOKE, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered June 8, 1977, convicting defendant on his plea of guilty of rape in the first degree. The defendant, with two others, was charged with rape in the first degree, two counts of sodomy in the first degree and unlawful imprisonment in the first degree. At his arraignment defendant pleaded not guilty to the various counts, but on May 25, 1977 defendant withdrew his former plea and pleaded guilty to the crime of rape in the first degree in full satisfaction of the entire indictment. On June 8, 1977, the date for sentencing, defendant sought leave to withdraw his plea based upon alleged misrepresentation of his assigned counsel and his claim of innocence. The application was denied and defendant was sentenced to a previously agreed term of imprisonment of from 0 to 12 years. The record indicates that at the time the defendant entered his plea he stated that he did so freely and voluntarily, without duress of any kind, and that he was guilty of the crime charged. In response to questions asked by the Judge and after being sworn by the court, the defendant set forth facts which constituted proof of the crimes charged in the indictment. At the sentencing some two weeks later before the same Judge, the defendant urged that the misrepresentations were that the other two codefendants were not taking "the cop out and one wasn't sure about the other one". The record shows that the other two codefendants did enter pleas. Defendant admitted to the court that he did state facts under oath which constituted the crime charged but "I'm denying it now". The court refused permission to withdraw the plea and this appeal ensued. Permission to withdraw a plea rests in the sound discretion of the court (CPL 220.60). Such pleas of guilty may not be

withdrawn unless there is some evidence or claim of innocence, fraud, or mistake in inducing the plea *(People v Malinowski,* 37 AD2d 662). When the defendant sought to withdraw his guilty plea at the sentencing proceeding, he did not allege innocence, but merely stated that, although he had admitted his guilt before, he was denying it at that time. Even if the statement made by the defendant could be considered a claim of innocence, there was no factual support for his new claim of innocence. The court was thus presented with defendant's detailed statement, made under oath, of the facts which constitute unequivocal guilt of the crimes charged in the indictment and his subsequent unsupported statement that "I'm denying it now". Such bare allegations do not lend support for a withdrawal of a plea *(People v Dixon,* 29 NY2d 55; *People v Toliver,* 29 AD2d 210). Defendant's allegations that misrepresentations were made to him by his attorney are simply not borne out by the record. Judgment affirmed. Mahoney, P. J., Kane, Main, Larkin and Herlihy, JJ., concur.