Gabrielli, J.
The principal issue is whether paragraph "b” of subdivision 1 of section 65.00 of the Penal Law, in requiring the recommendation of the prosecution prior to the judicial imposition of any minimum sentence of probation upon a convicted class A-III felon, is violative of the constitutional doctrines of separation of powers, due process or equal protection of the laws. We conclude that the statute passes constitutional muster.
Section 65.00 (subd 1, par [b]) of the Penal Law in pertinent part, provides:
"The court * * * may sentence a person to a period of probation upon conviction of a class A-III felony if the prosecutor either orally on the record or in a writing filed with the indictment recommends that the court sentence such person to a period of probation upon the ground that such person has or is providing material assistance in the investigation, apprehension or prosecution of any person for a felony defined in article two hundred twenty or the attempt or the conspiracy to commit any such felony, and if the court, having regard to the nature and circumstances of the crime and to the history, *300 character and condition of the defendant is of the opinion that:
"(i) Institutional confinement of the defendant is not necessary for the protection of the public;
"(ü) The defendant is in need of guidance, training or other assistance which, in his case, can be effectively administered through probation supervision;
"(iü) The defendant has or is providing material assistance in the investigation, apprehension or prosecution of a person for a felony defined in article two hundred twenty or the attempt or conspiracy to commit any such felony; and "(iv) Such disposition is not inconsistent with the ends of justice.”
The charges against defendant arose out of two sales of heroin defendant made to three undercover police officers. Following a jury trial, defendant was convicted of eight counts of possessing and selling heroin. On the four counts which were not class "A” felonies, defendant was sentenced to consecutive indeterminate terms of imprisonment not to exceed three years. On the four class "A” felony counts, he was sentenced to a one-year minimum term of imprisonment and a maximum term of life (see Penal Law, arts 60, 70).
At the sentencing hearing, defense counsel moved to set aside the sentences imposed upon the convictions of the class "A” felonies upon the ground that section 65.00 (subd 1, par [b]) of the Penal Law is unconstitutional. He asserted that defendant had disclosed all that he knew about the local drug situation but that the District Attorney refused to accede to his request for probation because he did not provide the prosecutor with sufficient material assistance. The Trial Judge rejected the claim and the Appellate Division affirmed, without opinion, one Justice dissenting on the ground that the statute unlawfully interferes with the constitutional distribution of powers among the executive, legislative and judicial branches of government.
It is first contended that the restricted lifetime probation sentencing alternative (Penal Law, § 65.00, subd 1, par [b]) violates the doctrine of separation of powers in that it unconstitutionally vests the executive branch of government with the sentencing discretion properly reserved to the judiciary. We cannot agree. In Matter of McDonald v Sobel (272 App Div 455, affd 297 NY 679) an analogous statute was considered. *301 There the District Attorney refused to consent to and recommend acceptance of a plea of guilty to a lesser offense, a prerequisite to acceptance thereof (Code Grim Pro, § 342-a).* Nevertheless, the Trial Judge received the plea to a lesser offense than that set forth in the indictment. Sustaining the requirement and mandate in that section, it was held on appeal that absent submission of the required statement and consent by the District Attorney, the County Court was powerless to accept the plea and impose sentence. Little difference is to be noted between that determination and the case at bar. So long as a statute does not wrest from courts the final discretion to impose sentence, it does not infringe upon the constitutional division of responsibilities. The statute here, and that considered in McDonaldserve only to limit the sentencing options available to the judiciary as do, of course, all statutes prescribing the limits of the penal sanction to be imposed for any given offense (see Penal Law, art 60). Notably, the punitive limits set for class "A” felonies were only recently held to be constitutional (People v Broadie, 37 NY2d 100).
Next it is argued, without merit we think, that the subject statute offends due process in that by injecting prosecutorial consent into the sentencing process the defendant is deprived of an impartial decision-maker. Reliance therefor is placed upon Gerstein v Pugh (420 US 103). In that case it was held that where a person is arrested without a warrant and deprived of his liberty, he is entitled to a judicial determination of probable cause rendered by a neutral Magistrate. Apart from the fact that the determination is grounded in Fourth Amendment principles not at all germane here, Gerstein is inapposite because the final determination as to the sentence imposed under section 65.00 (subd 1, par [b]) is rendered by a neutral member of the judicial branch of government.
Any further claim with respect to equal protection of the laws is similarly unavailing. The subject statute was not intended to afford ameliorative relief for criminal defendants. Rather, it was designed "to get small fry drug dealers or addicts to cooperate in the apprehension and conviction of the *302 bigger traffickers” (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 65.00, p 170). As such, the statute reasonably permits selection of any given co-operative defendant for sentencing treatment that would vary from that of other defendants charged with similar crimes. The legislation is, therefore, rational and satisfies the minimal requirements of equal protection (see Alevy v Downstate Med. Center of State of N. Y., 39 NY2d 326, 332). Nor can any legitimate claim of unequal enforcement be made on this record in that defendant has not demonstrated the presence of any pattern of consciously practiced discrimination (People v Acme Markets, 37 NY2d 326, 330; People v Friedman, 302 NY 75, 81; cf. Yick Wo v Hopkins, 118 US 356).
In sum, a defendant cannot automatically avail himself of the provisions of section 65.00 (subd 1, par [b]) even by cooperating with the police and other prosecutorial authorities.
Finally, in the circumstances of this case, we cannot conclude that the trial court decision, affirmed by the Appellate Division, to exclude the public while the undercover officers were testifying was either erroneous as a matter of law or in violation of the State or Federal Constitutions (People v Hinton, 31 NY2d 71, cert den 410 US 911; People v Jelke, 308 NY 56; United States ex rel. Lloyd v Vincent, 520 F2d 1272).
Accordingly, the order of the Appellate Division should be affirmed.

 Section 342-a of the Code of Criminal Procedure, enacted in 1936, permitted a court to accept a plea of guilty to a lesser charge only "upon the recommendation of the district attorney” whose duty it was "to submit to the court a statement in writing in which his reasons for recommending the acceptance of such plea [were] clearly set forth” (see, also, CPL 220.50, subd 4).