■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD H., Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County, imposed April 19, 1978, upon his conviction of robbery in the third degree, upon his plea of guilty, the sentence being an intermittent term of imprisonment of 52 consecutive weekends. The appeal also brings up for review the denial of defendant's application for youthful offender treatment. Sentence reversed, as a matter of discretion in the interest of justice, conviction vacated, defendant's application for youthful offender treatment granted, the sentence is reduced to probation for a period of five years, and the case is remanded to the Criminal Term to fix the conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). In our view, under all the circumstances presented, including defendant's previously clean record, the favorable report from the probation department and the fact that the People had no opposition to the granting of youthful offender treatment, youthful offender treatment should have been granted. The sentence imposed was excessive to the extent indicated herein. Martuscello, J. P., Latham, Titone and Suozzi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERMAN HOWARD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 7, 1977, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Though defendant had moved to sever and for four separate trials in connection with an indictment charging him with four robberies involving one person, the failure to renew this motion after the *Wade* hearing, coupled with a free and voluntary guilty plea, constituted a waiver of any defect or prejudice occasioned by denial of the motion to sever made prior to the *Wade* hearing (see *People v La Ruffa,* 34 NY2d 242; cf. *People v Forest,* 50 AD2d 260). Mollen, P. J., Martuscello, Rabin and Gulotta, JJ., concur.