■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED A. ARGENTINE, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered November 28, 1977, convicting him of attempted criminal possession of a forged instrument in the second degree, in satisfaction of two indictments, upon his plea of guilty, and imposing sentence. By order dated April 2, 1979, this court remitted the case to the County Court for a hearing and the appeal has been held in abeyance (People v Argentine, 67 AD2d 180). The County Court has complied. Judgment reversed, on the law, Indictments Nos. 45688 and 46246 dismissed, and case remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. By a prior order of this court, the instant appeal was held in abeyance and the matter was remitted to the County Court for a hearing to determine (1) whether a promise was made to the defendant by law enforcement officials to gain his co-operation in a pending unrelated criminal investigation, (2) if so, the exact nature and scope of the promise, including whether it was to cover one or both forgery charges embodied in Nassau County Indictments Nos. 45688 and 46246, and (3) whether defendant performed services in reliance upon the promise which exposed him to danger (see People v Argentine, 67 AD2d 180, 185, supra). Pursuant to that order, a hearing was held by the County Court on June 20 and 21, 1979, at which time the People stipulated that a promise of leniency was made, that the nature of the promise was to prosecute the forgery charges which ultimately resulted in the two indictments only as misdemeanors, and that defendant had performed services in reliance upon the promise which exposed him to danger. On June 26, 1979 Judge Harrington rendered a report to this court in accordance with the stipulation of the People. We are now in receipt of a letter from the office of the District Attorney of Nassau County dated July 10, 1979 in which the People consent to the reversal of the defendant's conviction and the dismissal of the instant indictments. Accordingly, that relief is granted. We note that there still appears to be an unresolved question of fact as to whether the People also promised to obtain the dismissal of certain parole violation charges lodged against defendant or whether they merely promised to obtain a deferral of the prosecution of those charges during the period of defendant's co-operation. Suffice it to say that the resolution of this question of fact is unnecessary to the determination of the instant appeal, which involves only the forgery charges and the indictments stemming therefrom. Whether the promise included reference to the parole revocation charges is a question for the consideration of the Board of Parole. Mollen, P. J., Damiani, Titone and Suozzi, JJ., concur.