THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY NUDELMAN, Appellant.

Second Department, August 20, 1979

APPEARANCES OF COUNSEL

*John Joseph Sutter (Ruth C. Balkin* on the brief), for appellant.

*Denis Dillon, District Attorney (William C. Donnino* and *Martin I. Saperstein* of counsel), for respondent.

**OPINION OF THE COURT**

MOLLEN, P. J.

Defendant was indicted for criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, all three charges apparently arising out of the same transaction. Thereafter, the defendant agreed to co-operate with the office of the District Attorney in the investigation and apprehension of narcotics dealers upon the promise of the District Attorney that he would recommend a sentence of lifetime probation for the defendant if he did so. The defendant did in fact co-operate and his co-operation resulted in the apprehension and prosecution of major violators of the drug laws. On January 22, 1979 the trial court accepted defendant's plea of guilty to criminal sale of a controlled substance in the third degree, a class A-III felony, in satisfaction of the indictment.

On January 31, 1979 the District Attorney of Nassau County filed an affidavit with the sentencing court stating that the defendant had co-operated in the investigation, apprehension and prosecution of major violators of felonies as defined in article 220 of the Penal Law and recommending that he be sentenced to a lifetime period of probation. The affidavit was accompanied by a letter from an agent of the United States Department of Justice, Drug Enforcement Administration, specifying the particular cases in which the defendant had co-operated.

By letter of February 15, 1979 the County Court Judge who had accepted the plea communicated with the Administrative Judge of the Nassau County Court stating that in his opinion the ends of justice would best be served by imposing a sentence of lifetime probation on the defendant and requesting concurrence in the imposition of such a sentence. The letter was supported by the District Attorney's affidavit, the letter of the Department of Justice agent and a presentence report prepared by the Nassau County Probation Department.

The presentence report, which recommended lifetime probation, indicated that the defendant had no prior criminal convictions and that he was attending Adelphi University at the time of his arrest.

The application was disapproved by the Administrative Judge of the County Court by merely crossing out the word

"approved" which appeared at the foot of the letter and leaving the word "disapproved". No reasons for such disapproval were stated.

On April 3, 1979 the County Court imposed an indeterminate term of imprisonment of a minimum of one year and a maximum of life, the minimum sentence permissible in the absence of the concurrence of the Administrative Judge of the Nassau County Court.

In our opinion, the only viable question presented upon this appeal relates to the propriety of the refusal by the Administrative Judge of the County Court to concur in the imposition of a sentence of lifetime probation.

Section 65.00 (subd 1, par [b]) of the Penal Law provides that the court, with the concurrence of either the Administrative Judge of the court or the Administrative Judge of the judicial district, may impose a sentence of probation upon a person convicted of a class A-III felony if the prosecutor recommends such a sentence on the ground that the defendant has or is providing material assistance in the investigation, apprehension or prosecution of any person for a felony defined in article 220 of the Penal Law. Four criteria are set forth to guide the court in the exercise of its discretion: (i) that institutional confinement of the defendant is not necessary for the protection of the public; (ii) that guidance, training or other assistance can be provided to the defendant through probation supervision; (iii) that the defendant has or is providing material assistance in the investigation, apprehension or prosecution of a person for a felony pursuant to article 220; and (iv) that such a sentence would not be inconsistent with the ends of justice.

Implicit in the statute is the requirement that the determination of the Administrative Judge of the court or judicial district be made in accordance with these guidelines. We do not believe that the Legislature intended to vest an unfettered exercise of discretion in the Administrative Judge in connection with so vital a matter as the choice of the imposition of a prison sentence or the granting of lifetime probation.

Nor do we believe that the Legislature intended to deprive this court of its inherent right to review the discretion exercised in denying the application for concurrence in the imposition of a sentence of probation. While it does not appear that this particular question has ever been passed upon, the youthful offender procedure (CPL art 720) presents an analogous

situation. It is well settled that a trial court's exercise of discretion in affording youthful offender treatment is reviewable on appeal *(People v Richard H.,* 65 AD2d 775; *People v Jeffrey M.,* 62 AD2d 1024; *People v Gower,* 45 AD2d 188). The power of review should be deemed to be no less in connection with a grant of probation pursuant to section 65.00 of the Penal Law.

However, in the absence of an articulation of the basis upon which the Administrative Judge of the County Court declined to concur we are unable to properly review the matter.

Accordingly, the appeal should be held in abeyance and the matter remitted to the Administrative Judge of the County Court for a statement of the basis for his determination, and for the taking of proof, if any, which he may deem necessary or advisable in connection therewith.

HOPKINS, DAMIANI, TITONE and SHAPIRO, JJ., concur.

Appeal from a judgment of the County Court, Nassau County, rendered April 3, 1979, held in abeyance and matter remitted to the Administrative Judge of the Nassau County Court, for further proceedings in accordance with the opinion herein.