■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY

NUDELMAN, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered April 3, 1979, convicting him of criminal sale of a controlled substance in the third degree, on his plea of guilty, and imposing an indeterminate sentence of one year to life. By order dated August 20, 1979, this court remitted the matter to the Administrative Judge of the Nassau County Court for further proceedings with respect to his disapproval of a sentence of lifetime probation and the appeal has been held in abeyance in the interim (People v Nudelman, 70 AD2d 13). The Administrative Judge has complied. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to a term of lifetime probation. As so modified, judgment affirmed and case remitted to the County Court, Nassau County, to fix the conditions of probation. On January 22, 1979 defendant pleaded guilty to criminal sale of a controlled substance in the third degree, a class A-III felony, in satisfaction of an indictment charging him with criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third and fifth degrees. Pursuant to section 65.00 (subd 1, par [b]) of the Penal Law, the sentencing court forwarded a letter dated February 15, 1979 to the Administrative Judge of the Nassau County Court stating that in his opinion the ends of justice would best be served by imposing a sentence of lifetime probation on the defendant and requesting concurrence in the imposition of such a sentence. The request was denied by the Administrative Judge by crossing out the word "approved" at the foot of the letter, leaving the word "disapproved". No reasons were stated. On April 3, 1979 the County Court imposed an indeterminate term of imprisonment of a minimum of one year and a maximum of life, the minimum sentence permissible in the absence of the concurrence of the Administrative Judge. This court held the appeal from the judgment of conviction in abeyance and remitted the matter to the Administrative Judge of the Nassau County Court for a statement of the basis for his determination and for the taking of proof if he deemed it necessary or advisable to do so (People v Nudelman, supra, opn per Mollen, P. J.). Pursuant to our remission the Administrative Judge has rendered an opinion, dated August 30, 1979, without a hearing, setting forth the basis for his denial of the application. As we held upon remitting this matter, the discretion exercised by an Administrative Judge in denying an application for concurrence in the imposition of a sentence of lifetime probation is reviewable. Pursuant to that power of review we find that such discretion was not properly exercised in this case and that the sentence should be reduced to lifetime probation. Section 65.00 (subd 1, par [b]) of the Penal Law provides that the court, with the concurrence of either the Administrative Judge of the court or the Administrative Judge of the judicial district, may impose a sentence of probation upon a person convicted of a class A-III felony if the prosecutor recommends such a sentence on the ground that the defendant has or is providing material assistance in the investigation, apprehension or prosecution of any person for a felony defined in article 220 of the Penal Law. Four criteria are set forth to guide the court in the exercise of its discretion: (i) that institutional confinement of the defendant is not necessary for the protection of the public; (ii) that guidance, training or other assistance can be provided to the defendant through probation supervision; (iii) that the defendant has or is providing material assistance in the investigation, apprehension or prosecution of a person for a felony pursuant to article 220 of the Penal Law; and (iv) that such a sentence would not be inconsistent with the ends of justice. In this case the District Attorney of Nassau County recommended that the court

impose a sentence of probation on the basis that the defendant had provided assistance in the investigation, apprehension and prosecution of major felony violators as defined in article 220. That recommendation was supported by a letter from an agent of the Drug Enforcement Administration stating that as the result of the defendant's co-operation two cases were initiated, one of which resulted in the purchase of one ounce of cocaine and another of which resulted in the purchase of approximately 1,000 noncontrolled pills and that both investigations were still active. The presentence report prepared by the Nassau County Probation Department indicated that the defendant was a student at Adelphi University at the time of his arrest and that he had no prior criminal record and recommended that he be considered for lifetime probation. The report did reveal that an A-III felony charge was pending against the defendant in Suffolk County. In our opinion, as implicitly found by the sentencing court, all the criteria set forth by the Legislature in enacting section 65.00 have been met in this case. The nature and circumstances of the crime indicate that institutional confinement is not necessary for the protection of the public. Clearly, the necessary guidance, training or other assistance can be effectively administered through probation supervision. The District Attorney, whose expertise places him in the best position to evaluate the matter, has stated that the defendant has provided assistance in the investigation, apprehension and prosecution of major violators of felonies as defined in article 220 of the Penal Law. Plainly, the imposition of probation here is not inconsistent with the ends of justice. This would seem to be a case in which no worthwhile purpose is to be served by incarceration of the defendant. In his written opinion the Administrative Judge of the County Court addressed himself only to the criterion relating to the providing of material assistance in connection with other criminal investigations and concluded, based upon a comparison of the criminal acts committed by the defendant and the investigations for which he had provided assistance, notwithstanding the statements of the District Attorney, that the defendant had not in fact provided the requisite material assistance. However, in so doing, the Administrative Judge indicated that his finding was influenced by a basic dissatisfaction with the statutory sentencing scheme by pointing out that many defendants convicted of class A-I or A-II drug felonies who themselves may have been unsophisticated youngsters who became involved in a single transaction would have willingly co-operated with law enforcement authorities in exchange for a sentence of probation if the statute had afforded them the opportunity to do so. He concluded as follows: "In the light of this defendant's involvement and failure to demonstrate substantial cooperation of the type contemplated by the statute, it would not appear to be in the interest of justice to accord him this special treatment not available to others less involved, and through no fault of their own incapable of cooperating to the extent required." In sum we find that the refusal by the Administrative Judge of the Nassau County Court to concur in the imposition of a sentence of lifetime probation in this case constituted an improvident exercise of discretion. Hopkins, Titone and Shapiro, JJ., concur.

Mollen, P. J., and Damiani, J., dissent and vote to affirm the judgment, with the following memorandum: Because we are unable to find an abuse of discretion in the Administrative Judge's refusal to concur in a sentence of lifetime probation, we are constrained to dissent. Were this matter before us in the first instance, we might well reach a conclusion different from the one arrived at by the Administrative Judge. However, our function here is not to substitute our judgment for his, but to determine whether he has

abused the discretion vested in him by statute (see Penal Law, § 65.00, subd 1, par [b]). On this record, we conclude he did not. The District Attorney submitted an affidavit averring in conclusory fashion that the defendant had rendered assistance in the investigation, apprehension and prosecution of major violators. That conclusion, of course, could not bind the Administrative Judge since his separate concurrence, and therefore his independent exercise of discretion, is called for by the statute. The Administrative Judge here chose to look behind the broad and unspecific representation that the defendant had provided the requisite assistance. It was his right to do so. The District Attorney's affidavit did not spell out the co-operation allegedly given by the defendant, but instead referred to a letter submitted by an agent of the Drug Enforcement Administration. The letter stated that the defendant's assistance had led to the *initiation* of two cases, one resulting in the purchase of one ounce of cocaine, the other in the purchase of 1,000 *noncontrolled pills*. The agent concluded by writing: "The above information is being brought to your attention for whatever judicial action you deem appropriate." In reviewing the letter, the Administrative Judge observed: "No arrests had been made in either of these cases. No recommendations were made by the Long Island Drug Enforcement Administration nor did the letter contain the opinion frequently expressed in similar letters from this agency that the defendant had 'cooperated to his fullest extent'. To say the least, the letter leaves open to question the conclusion that these cases in fact involved investigation, apprehension and prosecution of major violators of felonies defined in Article 220 as contemplated by the legislature. In fact, there was no apprehension and prosecution of anyone." Having concluded that the defendant had failed to provide the requisite assistance, the Judge was not compelled to give his concurrence to the recommended sentence of probation. The statutory criteria are set forth in the conjunctive and the failure to qualify under any one of them renders a defendant ineligible for probation. Nevertheless, the Administrative Judge went on to discuss the nature and extent of the defendant's criminal behavior. First, the Judge observed that the defendant had played the role of "the procurer and the source" of the cocaine involved in the instant case. Next, the Judge took note of statements made during the plea allocution of the codefendant naming the defendant as the source of cocaine sold to an officer in a different case. And, finally, the Judge adverted to the defendant's recent conviction in Suffolk County on unrelated drug charges. That case concerned the sale to an undercover detective of one ounce of cocaine for $1,900. Ultimately, the Judge decided that the defendant's "deep involvement" in drug felonies coupled with his failure to provide the sort of material assistance contemplated by the statute disqualified him as a candidate for a probationary sentence. We cannot say that this conclusion is unsupported by the record. The majority seems to imply that the Judge's finding was somehow improperly influenced "by a basic dissatisfaction with the statutory sentencing scheme". The short answer is that the same Judge approved a probationary sentence for the codefendant in this case, whose assistance, given more in earnest, had borne greater fruit, and who had therefore earned a correspondingly stronger letter from the Drug Enforcement Administration. Lifetime probation was also approved for two defendants in different but related cases. Hence it cannot be said that the defendant fell victim to an inflexible policy of a Judge who refuses to exercise his discretion even in an appropriate case. Instead we read the Judge's comments as representing his attempt to balance the relevant factors in an effort to decide whether a sentence of probation for this

defendant would be consistent with the interests of justice, and his considered judgment was to the contrary. This was entirely proper. (See Penal Law, § 65.00, subd 1, par [b], cl [iv].) In sum, we find that the Administrative Judge acted within the proper bounds of his statutory discretion and, accordingly, we would affirm.