■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ARNOLD KAUFMAN and MARJORIE KAUFMAN, Respondents.—Appeal by the People from an order of the Supreme Court, Queens County, dated April 12, 1979, which upon defendants' motion, dismissed, in the interest of justice, an indictment charging both defendants with criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the third and seventh degrees, criminally using drug paraphernalia in the second degree, and unlawful possession of marihuana. Order reversed, on the law, indictment reinstated, and matter remanded to the Supreme Court, Queens County, for further proceedings consistent herewith. The principal statute at issue on this appeal is section 65.00 (subd 1, par [b]) of the Penal Law under which a person convicted of a class A-III drug felony who has co-operated by providing material assistance in the investigation, apprehension or. prosecution of any person for a narcotics felony may receive lifetime probation in lieu of the mandatory imprisonment otherwise required. Prerequisites to the acquisition of the probation sentence, however, are a recommendation by the District Attorney and approval by the sentencing court and the Administrative Judge in the district. Despite the substantial co-operation of the instant defendants, the District Attorney has refused to recommend probation for the defendant Arnold Kaufman. As a consequence, the defendants moved for dismissal of their indictment "in the interests of justice" and the trial court granted the motion. We conclude that reversal of the order of dismissal and reinstatement of the indictment is required.* The defendants, husband and wife, were arrested for selling narcotics and jointly charged with the criminal sale of a controlled substance in the first degree, a class A-I felony punishable by a prison term of no less than 15 years' to life imprisonment, and related lesser drug offenses. Shortly after their arraignment, the defendants, their attorney, an Assistant District Attorney and several police officers involved in the case, met to review the possibility of having the defendants co-operate with the authorities. At the conclusion of the meeting, it was agreed that the defendants would co-operate fully. This agreement was followed by a letter in which the Assistant District Attorney in charge of the case wrote to the defendants' lawyer stating that "this office has no policy which might preclude the recommending of lifetime probation as a sentence pursuant to Penal Law Section 65.00 1 (b) under appropriate circumstances." Although it is undisputed that no outright promise was made that the defendants would be permitted to plead to an A-III felony and obtain lifetime probation, the

---

* We note that defendant Arnold Kaufman was charged in a separate indictment with one A-I and one A-III felony sale of cocaine. A separate order dismissing that indictment in the interest of justice was entered, but the notice of appeal is limited to the joint indictment of both defendants. Thus, while the parties have treated this appeal as being from both orders of dismissal, the failure by the People to include Arnold Kaufman's separate indictment in their notice places the correctness of that order beyond our reviewing power (see CPL 460.10, subd 1, pars [c], [d]; *People v Weston,* 50 AD2d 940; *People v Creazzo,* 39 AD2d 748). Accordingly, that indictment remains dismissed.

defendants assert that they believed that this favored treatment would be conferred upon full co-operation. The defendants co-operated with law enforcement authorities for some six months, producing nine arrests, including those of a major drug dealer who sold at the "kilo" level and an individual suspected of the attempted murder of a police officer. The police officer and two superiors who worked on the undercover operations in which the Kaufmans co-operated recommended sentence leniency and the Assistant District Attorney was of the opinion that they were entitled to lifetime probation. Nevertheless, the District Attorney, who regards the defendants as middle-level drug dealers, ultimately agreed to make the requisite recommendation only with reference to Marjorie Kaufman, whose involvement in the crimes charged seems much less severe. Arnold Kaufman was offered the recommendation of an indefinite sentence of one year to life imprisonment upon a plea to an A-III felony. The Kaufmans responded to the refusal to recommend probation for both of them by moving to dismiss the indictments in the interest of justice pursuant to CPL 210.40. In granting the motion and dismissing the indictment after an evidentiary hearing, Criminal Term noted that while the District Attorney had not been called to testify, his chief assistant had declined to explain the refusal stating that the decision as to recommendation fell within the District Attorney's discretionary powers and was not subject to judicial review. Analyzing the facts of the case, the substantial degree of co-operation, the risks incurred by the defendants in co-operating and considering their "middle-class" background, the court decided that the defendants had established by a fair preponderance of the credible evidence (see CPL 210.45, subd 7) that the District Attorney's failure to justify his position mandated a dismissal in the interest of justice. We disagree. Initially, we note that the statute, which vests a broad discretion in the District Attorney, already has survived a constitutional challenge which was based upon the interposition of executive discretion in the judicial sentencing function (see *People v Eason*, 40 NY2d 297). In his concurring opinion in *Eason*, Judge Wachtler noted (p 302), with concern, "the prosecutor's unbridled discretion to withhold recommending probation. Regardless of a defendant's actual co-operation, under the present statute the prosecutor may arbitrarily quell the possibility of probation without review of any sort." Although we share Judge Wachtler's concern and recommend legislative consideration of means to limit such "unbridled discretion", we cannot agree that the instant circumstances entitle the defendants to outright dismissal of their indictment. It is undisputed that neither the police nor the prosecutor made an outright promise which would bring the case within the orbit of *Matter of Chaipis v State Liq. Auth.* (44 NY2d 57) or *People v Argentine* (67 AD2d 180, after remand 71 AD2d 869), but even if the promise had existed, the most the defendants could have demanded was enforcement of the prosecutor's part of the bargain. Such enforcement, however, would not guarantee the defendants the approval of the sentencing court and Administrative Judge of the district. While it is true that the discretion of the latter two judicial officers is subject to review (see *People v Nudelman*, 70 AD2d 13, after remand 71 AD2d 1030), that of the District Attorney—an executive officer—has been described as "unbridled" (see *People v Eason, supra*). Unbridled or not, however, we cannot gainsay the prosecutor's judgment in declining to recommend probation for a particular middle-level drug dealer to whom he has offered other leniency in return for the extensive co-operation proffered in various criminal investigations. As observed by the *Eason* court, the law in current focus is analogous to section 342-a of the Code of Criminal Procedure which required

consent of the prosecutor prior to the court's acceptance of a guilty plea to a lesser offense and which was considered in *Matter of McDonald v Sobel* (272 App Div 455, affd 297 NY 679; see, also, CPL 220.10, subds 3, 4, 5; 220.50, subd 4). Both statutes limit the sentencing alternatives available to the court by rendering it powerless to accept the plea or impose the sentence absent the District Attorney's approval, but they do not "wrest from courts the *final* discretion to impose sentence" *(People v Eason, supra,* p 301). However, unlike the *McDonald* court, which accepted a plea when it was beyond its statutory power to .do so, the instant court accomplished a different purpose—dismissal—on the basis of a CPL 210.40 motion which was within its statutory power to consider (see CPL 210.40, 210.45; *People v Clayton,* 41 AD2d 204, Hopkins, J.). CPL 210.40 (subd 1) authorizes dismissal of an indictment "even though there be no basis for dismissal as a matter of law * * * [if] such dismissal is required as a matter of judicial discretion by the existence of some compelling .factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment would constitute or result in injustice." The statute is not, however, a "catch-all residuary clause authorizing dismissal as an exercise of absolute discretion" *(People v Kwok Ming Chan,* 45 AD2d 613, 615). The factors germane to *Clayton* motions include the nature of the crime, the available evidence of guilt, the defendant's prior record, the punishment already suffered, prejudice from the passage of time, and the impact on the public interest of a dismissal (see *People v Clayton, supra).* In deciding the instant motion, Criminal Term did more than substitute its discretion for that of the District Attorney. By dismissing the indictment, it overrode the discretion not only of the District Attorney but of the two Judges to whom the prosecutor's recommendation would have been submitted, if made. The most favorable concurrence of all the requisite factors under section 65.00 (subd 1, par [b]) of the Penal Law could not have achieved dismissal for the defendants. Without such concurrence, and despite the recommendation of probation for one defendant and the offer of a reduced charge and sentence to the other, the order appealed from would award both defendants freedom from any penal sanction whatsoever. CPL 210.40 provides that the court before whom the dismissal motion is pending, may consider "any *exceptionally serious* misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant" (CPL 210.40, subd 1, par [e], eff Jan. 1, 1980 [emphasis supplied]; cf. *People v Isaacson,* 44 NY2d 511). While the degree of discretion. vested in the prosecutor under section 65.00 (subd 1, par [b]) of the Penal Law invites abuse—and .we suggest legislative consideration of the problem—the District Attorney's refusal to recommend lifetime probation for Arnold Kaufman would not constitute misconduct if the new section of 210.40 had been applicable at the time of the motion. That statute is not a remedy for the circumstances recited here. Accordingly,. the order should be reversed and the indictment reinstated. Lazer, J. P., Gibbons, Rabin and O'Connor, JJ., concur.