■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LOEBL, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered September 27, 1979, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and sentencing him to an indeterminate prison term of from one year to life and, upon resentencing, to an indeterminate prison term of from one to three years. Judgment affirmed. The defendant was charged in 1976 with criminal sale of a controlled substance in the second degree, a class A-II felony, and criminal possession of a controlled substance in the third degree, then a class A-III felony. In order to bring himself within the potentially beneficial provisions of section 65.00 (subd 1, par [b]) of the Penal Law, as it then read, and thus avert imposition of the mandatory sentence of imprisonment upon conviction (see Penal Law, § 70.00, subd 3, par [a], former cl [iii]), the defendant offered to co-operate with drug enforcement authorities. The relevant portion of section 65.00 (subd 1, par [b]) of the Penal Law provided that upon recommendation of the District Attorney, and the approval of the sentencing Judge and the Administrative Judge of the district, a defendant convicted of an A-III felony could be sentenced to lifetime probation in lieu of mandatory imprisonment upon meeting enu-

merated conditions. The record here indicates that such recommendation is not made by the Suffolk County District Attorney unless the drug enforcement authorities write to him that the defendant has co-operated to the fullest extent. Defendant's efforts at co-operation were directed toward the obtaining of such a letter. Although the defendant's co-operation led to two class A-1 felony drug arrests and prosecutions, the drug enforcement officials refused to submit a letter to the effect that his efforts warranted probation treatment. The reason given for the refusal was the officers' belief that the defendant had not aided their operation to the best of his ability. The letter that was sent to the District Attorney outlined the extent of co-operation for consideration as to whether the defendant should be permitted to plead guilty to a lesser offense. When he learned that the desired letter would not be forthcoming, the defendant moved to dismiss the indictment in the interest of justice pursuant to CPL 210.40, alleging (1) that the drug enforcement officers had promised to send a letter recommending probation to the District Attorney if his co-operation produced two drug "busts"; and (2) that the District Attorney had promised to recommend lifetime probation at sentencing if the defendant's co-operation materially assisted in the investigation, apprehension and prosecution of another drug felon. At the ensuing hearing, the defendant, drug enforcement officers who worked with him, members of the Suffolk County District Attorney's office, defendant's present and former counsel, and a private investigator hired by defense counsel, all testified relative to the issue of the alleged promises of the officers and the District Attorney. The County Court denied the motion, finding that the defendant failed to prove that the District Attorney's office had made any binding promise to recommend probation to the sentencing court. More specifically, the court found that drug enforcement authorities had stated that they would consider his role in the arrests in evaluating the extent of his co-operation, and that the District Attorney's office agreed merely to *consider* a request for lifetime probation upon receipt of a sufficient letter from the undercover police officers. Although the defendant since has pleaded guilty to a class A-III felony and has been resentenced to the minimum imprisonment of one to three years (see Penal Law, § 60.09, subd b, par [i]), after an original imposition of a mandatory one year to life sentence (see Penal Law, § 70.00, subd 2, par [a]; subd 3, par [a], former cl [iii]), his claim that a promise of leniency had been made to him survives the plea for appellate purposes (see *People v Argentine,* 67 AD2d 180, after remand 71 AD2d 869; see, also, *People v Greco,* 69 AD2d 822). Nevertheless, in the absence of a promise broken which might bring the case within the purview of the rule that "Justice does not allow one agent [of the State] to ignore promises made by the other, whatever the breadth of discretion involved" *(Matter of Chaipis v State Liq. Auth.,* 44 NY2d 57, 64), the judgment of conviction cannot be set aside. Dismissal in the interest of justice seems an inappropriate remedy for abuse which may flow from the breadth of discretion vested in the District Attorney by section 65.00 (subd 1, par [b]) of the Penal Law (see *People v Eason,* 40 NY2d 297, 302, concurring opn of Wachtler, J.), unless there is prosecutorial misconduct of the serious degree envisioned by the recent amendment to the *Clayton* statute (see CPL 210.40, subd 1, par [e], L 1979, ch 216, eff Jan. 1, 1980; see, also, *People v Kaufman,* 77 AD2d 924). The remedy for breach of a promise of recommendation may be enforcement of the promise (see, e.g., *Santobello v New York,* 404 US 257, on remand 39 AD2d 654; *People v Young,* 71 AD2d 582; *People v Taylor,* 64 AD2d 998; *People v McFarland,* 46 AD2d 616; cf. *People v Selikoff,* 35 NY2d 227, cert den 419 US 1122) but even

enforcement may not produce the desired sentence of probation (see *Matter of Chaipis v State Liq. Auth., supra,* pp 66-67). Such a recommendation under section 65.00 (subd 1, par [b]) of the Penal Law is a matter within what Judge Wachtler has described as the "unbridled" discretion of the District Attorney (see *People v Eason, supra,* p 302; *People v Kaufman, supra),* and is further subject to approval by both the sentencing Judge and the Administrative Judge of the district. Thus, despite the instant sentencing Judge's declaration that he would have imposed probation had the District Attorney's recommendation been forthcoming, he lacked the power to compel the making of such a recommendation and could not have preempted a contrary exercise of discretion by the Administrative Judge (cf. *People v Nudelman,* 70 AD2d 13, after remand 71 AD2d 1030). Defendant's allegations concerning the constitutional infirmity of section 65.00 (subd 1, par [b]) of the Penal Law already have been passed upon and rejected by the Court of Appeals (see *People v Eason, supra).* We recognize, nonetheless, that the degree of discretion vested in District Attorneys by the statute may result in abuse and we suggest that the Legislature consider the problem. Accordingly, affirmance is required. Lazer, J. P., Rabin and O'Connor, JJ., concur; Gulotta, J., concurs in the result.