THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v
SHARON DAVID, Also Known as JEANNE KLEMANN,
Respondent.

Second Department, July 9, 1984

APPEARANCES OF COUNSEL

*John J. Santucci, District Attorney* (*Anne B. Miele* of
counsel), for appellant.

*William E. Hellerstein* (*Andrea Hirsch* of counsel), for
respondent.

**OPINION OF THE COURT**

MOLLEN, P. J.

On this appeal, we are called upon to determine whether
a sentence of lifetime probation may be lawfully imposed
pursuant to section 65.00 of the Penal Law in the absence
of affirmative evidence that the District Attorney recom-
mended, and the Administrative Judge concurred in, the
imposition of that sentence. We hold that, in the absence of
such evidence, the court is without power to sentence a
criminal defendant to lifetime probation.

By Queens County indictment number 8282/1982,
Sharon David, also known as Jeanne Klemann, the defen-
dant, was accused of committing the crimes of criminal
possession of a controlled substance in the second degree
and criminal possession of marihuana in the second de-
gree. Specifically, it was alleged in the indictment that on

or about July 19, 1982, the defendant "knowingly and unlawfully possessed ten grams and more of amphetamine, a stimulant." It was also alleged that, on or about the same date, the defendant "knowingly and unlawfully possessed one and more preparations, compounds, mixtures and substances of an aggregate weight of more than sixteen ounces containing marihuana."

On March 25, 1983, the defendant appeared before Justice William C. Brennan, to plead guilty to the crime of criminal possession of a controlled substance in the third degree, a class B felony (Penal Law, § 220.16), in full satisfaction of the indictment. The Justice accepted the plea after advising the defendant, *inter alia,* that he "would go along with the District Attorney's [sentence] recommendation" of an indeterminate term of imprisonment of 2 years to 6 years.

At the time of sentencing on June 21, 1983, defense counsel, noting that the District Attorney's office was "adamant" about the plea and sentence, argued that incarceration in this case would be inappropriate because "[t]his is a non-violent crime. This is a crime in which a young lady was uses [*sic*] as a dupe". The court agreed with counsel's assessment that the defendant "was taken advantage of" and noted that "the recommendation of the probation department * * * would be probation if she qualified because there is no question that the plea calls for a mandatory indeterminate sentence of incarceration". After reviewing the circumstances outlined in the probation report, which in the court's view warranted leniency, the court, *inter alia,* stated,

"And in reading the statutes, I find that the defendant offered material assistance to the office of the District Attorney and that would qualify her for life time probation, in view of all the facts and circumstances, even though they did not act on the information.

"The Court feels that this young lady did supply material and important information regarding this arrest, and taking into consideration all of the facts and circumstances, the sentence of the Court is she is to be placed on lifetime probation."

No evidence appears anywhere in the record that the District Attorney recommended orally or in writing that a sentence of lifetime probation be imposed, or that the Administrative Judge of the Judicial District or any Administrative Judge designated by the Presiding Justice of the Appellate Division, concurred in the imposition of such a sentence.

The People appeal, as is their right (see CPL 450.20, subd 4; 450.30, subd 2), contending that, because the court did not have the recommendation of the District Attorney and the concurrence of the Administrative Judge, it exceeded its authority thereby rendering illegal the sentence imposed. As a consequence, the People conclude, this matter must be remitted to the Supreme Court, Queens County, for resentencing.

In response, the defendant does not contend that the sentencing court had the concurrence of the Administrative Judge. Rather, she argues that the sentence was legal because no evidence appears in the record that the sentencing court did not have the concurrence of the Administrative Judge. The defendant further argues that by remaining silent at the time of sentencing, the Assistant District Attorney tacitly recommended that she be sentenced to lifetime probation.

Section 65.00 (subd 1, par [b]) of the Penal Law in relevant part provides: "The court, *with the concurrence* of either the administrative judge of the court or of the judicial district within which the court is situated or such administrative judge as the presiding justice of the appropriate appellate division shall designate, may sentence a person to a period of probation upon conviction of a class A-II felony or class B felony defined in article two hundred twenty *if the prosecutor either orally on the record or in a writing filed with the indictment recommends* that the court sentence such person to a period of probation upon the ground that such person has or is providing material assistance in the investigation, apprehension or prosecution of any person for a felony defined in article two hundred twenty or the attempt or the conspiracy to commit any such felony" (emphasis added). Subdivision 3 (par [a], cl [ii]) of the same section provides that "[f]or a * * * class B

felony defined in article two hundred twenty, the period of probation shall be life".

On the basis of the record before us, we conclude that the conditions precedent to the imposition of a probationary sentence, viz., the recommendation of the District Attorney and the concurrence of the Administrative Judge, were not satisfied, and the court was powerless to sentence the defendant to lifetime probation (see *People v Eason,* 40 NY2d 297; *People v Loebl,* 77 AD2d 949; *People v Kaufman,* 77 AD2d 924; see, also, *People v Nudelman,* 70 AD2d 13, after remand 71 AD2d 1030). Thus, the sentence imposed was violative of section 65.00 of the Penal Law, and therefore illegal. Accordingly, this matter should be remitted to the Supreme Court, Queens County, for resentencing.

We also note our disagreement with the defendant that the People's failure to object forecloses them from raising the legality of the sentence on appeal. In *People v Patterson* (39 NY2d 288, 295, affd 432 US 197), the Court of Appeals, discussing New York's contemporaneous objection rule (see CPL 470.05, subd 2), stated that, "the rule has come down to us that where the court had no jurisdiction, or where the right to trial by jury was disregarded, or where there was a fundamental, nonwaivable defect in the mode of procedure, then an appellate court must reverse, even though the question was not formally raised below."

More than simply abusing its sentencing discretion, or failing to exercise that discretion (see *People v McGowen,* 42 NY2d 905), the court in this case exceeded the statutory limits placed on its discretion, thereby rendering the probationary sentence illegal and, hence, reviewable even in the absence of a timely objection (see *People v Lemon,* 62 NY2d 745; *People v Fuller,* 57 NY2d 152, 156, 156-157, n 3; *People v Drummond,* 40 NY2d 990, 992, cert den *sub nom. New York v Luis J.,* 431 US 908).

We have considered the defendant's remaining contention and find it to be without merit.

Accordingly, the defendant's probationary sentence should be vacated and the matter remitted to the Supreme Court, Queens County, for resentencing.

TITONE, MANGANO and LAWRENCE, JJ., concur.

Sentence of the Supreme Court, Queens County, imposed June 21, 1983, reversed, on the law, and case remitted to the Supreme Court, Queens County, for resentencing.