■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL J. HOWARD, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered January 24, 1985, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

Defendant contends that his cooperation agreement with the District Attorney, under which he was offered the possibility of a reduced charge and sentence recommendation, was effectively terminated by the bad-faith actions of the police officer supervising his cooperation, and that the County Court accordingly erred in denying, without a hearing, his motion to compel the District Attorney to recommend a sentence of lifetime probation. Assuming, without deciding, that the procedural posture of defendant's claim is proper and that some form of relief would be available if bad faith was demonstrated, nothing in the record indicates that bad faith was present. In the absence of bad faith, the District Attorney's decision whether to recommend probation in exchange for a defendant's cooperation is unreviewable (see, People v Kaufman, 77 AD2d 924; People v Loebl, 77 AD2d 949; Penal Law § 65.00 [1] [b]). Therefore, defendant's claim is without merit. Mollen, P. J., Thompson, Niehoff and Eiber, JJ., concur.