In the Matter of PATRICK HENRY, as District Attorney of Suffolk County, Appellant, v THERESA ALQUIST, Respondent.

Second Department, March 30, 1987

APPEARANCES OF COUNSEL

*Patrick Henry, District Attorney (Ralph T. Gazzillo* and *Steven A. Hovani* of counsel), appellant *pro se.*

*Charles M. Newell* for respondent.

## OPINION OF THE COURT

LAWRENCE, J.

This appeal involves the right of the trial court to decline to declare a forfeiture of the respondent's vehicle pursuant to Public Health Law § 3388, and to direct the return of the vehicle, despite the fact that the District Attorney had established that the vehicle had been used in violation of the statute. We find that under the circumstances, the trial court erred in refusing to declare the respondent's vehicle forfeited, and accordingly, there should be a reversal of the judgment, and the petition for the forfeiture of the vehicle should be granted.

I

The pertinent facts are not in dispute.

The respondent Theresa Alquist was charged under two separate indictments with the following crimes: criminal sale of a controlled substance in the third degree (three counts); criminal possession of a controlled substance in the third degree (three counts); and criminal possession of a controlled substance in the fourth degree. On April 18, 1984, the respondent pleaded guilty to attempted criminal sale of a controlled substance in the third degree, a class C felony (Penal Law §§ 110.00, 110.05, 220.16), in full satisfaction of both indictments. Thereafter, the respondent was sentenced to five years' probation to run concurrently with a term of 90 days' imprisonment in the county jail.

On or about January 17, 1985, the petitioner, Patrick Henry, the District Attorney of Suffolk County, commenced this proceeding, pursuant to Public Health Law § 3388, to

obtain a declaration of the forfeiture of a 1978 Camaro automobile used by the respondent during the drug sales.

At the jury trial, the petitioner presented evidence regarding three purchases of cocaine by an undercover police officer from the respondent in November of 1983, which were the subjects of the two indictments. Each time, the respondent drove the 1978 Camaro automobile to a predetermined location. On November 1 and 10, the sales took place inside the 1978 Camaro automobile; on November 5, the sale took place inside the automobile of a confidential informant. The respondent stipulated that the substance sold was cocaine, that she was the owner of the 1978 Camaro automobile, and that as a result of the incidents, she was convicted of attempted criminal sale of a controlled substance in the third degree with respect to the November 1 incident. However, she contended, *inter alia,* that her boyfriend, who was present during the two sales in her automobile, was the seller.

At the conclusion of this testimony, the trial court granted the petitioner's motion for a directed verdict that the vehicle was used to transport a controlled substance in violation of Public Health Law § 3388.

The trial court then reopened the matter, and heard testimony from the respondent's probation officer, and arguments on the question of whether or not a forfeiture of the automobile "would constitute an unreasonable and excessive penalty for the crime to which [the respondent] pleaded guilty". The trial court, thereafter, denied the petition and directed the return of the respondent's vehicle, stating that a forfeiture would be "excessive in nature" in light of the facts that the respondent had already served time in jail (60 days), and that while on probation, she had become gainfully employed and had conducted herself in a lawful manner.

## II

Since 1952 the Public Health Law has provided for the seizure and forfeiture of vehicles used in transporting certain controlled substances (L 1952, ch 415, § 1; reenacted in L 1953, ch 879, § 1, as amended by L 1969, ch 91, §§ 1, 2 and L 1972, ch 690, §§ 1, 2; repealed by L 1972, ch 878, § 1; reenacted in L 1972, ch 878, § 2, as amended by L 1980, ch 843, § 143, L 1984, ch 717, §§ 1-3, and L 1985, ch 621, § 1). The reason for this provision in the Public Health Law is just as valid today as it was when it was enacted in the 1950's. As noted in the 1957

case of *Sochemaro v Rossetti* (6 Misc 2d 23, 26): "It is common knowledge that illegal narcotics activity is an insidious vice resulting in human degradation and suffering. It is notorious that this vice is facilitated by the use of an automobile. The Legislature, in the exercise of its powers, has enacted section 3353 of the Public Health Law [now Public Health Law § 3388] as an aid in curbing this evil. The purpose of the statute is salutary, and its language is clear."

Public Health Law § 3388 currently provides, in pertinent part, as follows:

"1. Except as authorized in this article, it shall be unlawful to:

"(a) transport, carry or convey any controlled substance in, upon, or by means of any vehicle * * *

"2. Any vehicle * * * which has been or is being used in violation of subdivision one * * * shall be seized * * * and forfeited as hereinafter in this section provided. A vehicle * * * is not subject to forfeiture unless used in connection with acts or conduct which would constitute a felony under article 220 of the penal law * * *

"4. It shall be the duty of the district attorney of the county wherein the seizure is made * * * to inquire into the facts of the seizure so reported to him and if it appears probable that a forfeiture has been incurred by reason of a violation of this section, for the determination of which the institution of proceedings in the supreme court is necessary, to cause the proper proceedings to be commenced and prosecuted, not later than ten days after demand by a person claiming ownership thereof, to declare such forfeiture, unless, upon inquiry and examination, such district attorney * * * decides that such proceedings cannot probably be sustained or that the ends of public justice do not require that they should be instituted or prosecuted, in which case, the district attorney * * * shall cause such seized property to be returned to the owner thereof. The procedure for proceedings instituted under this section shall conform as much as possible to the procedure for attachment * * *

"6. Forfeiture shall not be adjudged where the owners establish by preponderance of the evidence that:

"(a) the use of such seized property, in violation of subdivision one of this section, was not intentional on the part of any owner; or

"(b) said seized property was used in violation of subdivision

one of this section by any person other than an owner thereof, while such seized property was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any state * * *

"8. Whenever any person interested in any property which is seized and declared forfeited under the provisions of this section files with a justice of the supreme court a petition for the recovery of such forfeited property, the justice of the supreme court may restore said forfeited property upon such terms and conditions as he deems reasonable and just, if the petitioner establishes either of the affirmative defenses set forth in subdivision six of this section and that the petitioner was without personal or actual knowledge of the forfeiture proceedings".

## III

We agree with the petitioner that Public Health Law § 3388 does not authorize the trial court to decline to declare the respondent's vehicle forfeited, once the District Attorney has established a violation of the statute.

In enacting the statute, the Legislature used mandatory language, namely, that "[a]ny vehicle * * * used in violation of subdivision one [of the statute] * * * *shall* be seized * * * and forfeited" (Public Health Law § 3388 [2]; emphasis supplied). The discretion lies with the District Attorney in determining whether to return the vehicle because the "ends of * * * justice" do not require that the forfeiture proceeding be instituted or prosecuted *(see,* Public Health Law § 3388 [4]). The statute does not provide for the court's exercise of its discretion except where a person who has an interest in the vehicle and who did not have knowledge of the forfeiture proceeding *(see,* Public Health Law § 3388 [8]), petitions for the return of the forfeited property and establishes one of the statutory affirmative defenses, pursuant to Public Health Law § 3388 (6).

The respondent does not cite any legislative material that indicates that the Legislature intended that the declaration of forfeiture was to be subject to the court's discretion. If the Legislature had intended the penalty of forfeiture to be subject to the court's discretion, it could clearly have indicated its intention. For example, in enacting CPLR article 13-A, concerning civil forfeiture proceedings to recover the proceeds of a crime, the Legislature included a provision granting the

court the authority to dismiss the forfeiture proceeding in the interest of justice upon consideration of, *inter alia,* "the impact of forfeiture of property upon the person who committed the crime" *(see,* CPLR 1311 [4] [d] [i]). No similar provision is contained in Public Health Law § 3388.

We note that the limitation of the court's discretion in Public Health Law § 3388 is not unique *(see, People v Loebl,* 77 AD2d 949, and the cases cited therein interpreting Penal Law § 65.00 [1] [b]).

Accordingly, under the circumstances herein, the trial court did not have any statutory authority, pursuant to Public Health Law § 3388, to dismiss the petition and direct the return of the respondent's vehicle.

## IV

The trial court acknowledged that its dismissal of the forfeiture proceeding was not "necessarily" based upon the statutory language of Public Health Law § 3388. Nevertheless, it believed that it had the discretion to refuse to declare the vehicle forfeited on the ground that it would constitute an "excessive" penalty under the circumstances of this case.

To the extent that the trial court's determination may be interpreted as a holding that the forfeiture sanction in this case would violate the State and Federal constitutional proscriptions against cruel and unusual punishment *(see,* NY Const, art I, § 5; US Const 8th Amend), we find it to be in error.

The statute with regard to the forfeiture of a vehicle was designed to discourage the use of vehicles in illegal drug trafficking. Thus, no vehicle is subject to forfeiture "unless used in connection with acts or conduct which would constitute a felony under article 220 of the penal law" (Public Health Law § 3388 [2]). This penalty is separate from any criminal penalties that may be imposed upon any of the individuals involved in the drug transactions. In this respect, we note that in interpreting analogous statutes, the courts have held that the guilt or innocence of the owner of the vehicle is irrelevant to the determination of forfeiture *(see, Calero-Toledo v Pearson Yacht Leasing Co.,* 416 US 663, 680-688, *reh denied* 417 US 977 [interpreting the Puerto Rican statutes providing for seizure and forfeiture of vessels used for unlawful purposes]; *Matter of Property Clerk, N. Y. City Police Dept. v Batista,* 111 AD2d 135 [interpreting Administrative

Code of City of New York former § 435-4.0, now § 14-140, providing for the forfeiture of certain property seized from a person]). This, of course, is not to say that under no circumstances may a court deem the forfeiture statute unconstitutional as applied in a particular case *(see, Calero-Toledo v Pearson Yacht Leasing Co., supra,* at 689-690), but this is not such a case.

Since we find no bar to a forfeiture of the respondent's vehicle pursuant to Public Health Law § 3388, under the circumstances of this case, the judgment appealed from should be reversed and it should be declared that the respondent's vehicle is forfeited to the petitioner and title to that vehicle is vested in the petitioner.

MOLLEN, P. J., MANGANO and KOOPER, JJ., concur.

Justice Kooper has been substituted for former Justice Lazer *(see,* 22 NYCRR 670.2 [c]).

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and it is declared that the respondent's vehicle, a 1978 Camaro, New York license plate number 7215 AHR, is forfeited to the petitioner pursuant to Public Health Law § 3388, and title to that vehicle is vested in the petitioner.