■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELBERT HOWARD, Appellant. [690 NYS2d 805] —Judgment unanimously affirmed. Memorandum: Defendant was charged with felony and misdemeanor crimes following a burglary committed by him in April 1995. The prosecutor and defendant entered into an agreement whereby the prosecutor agreed to allow defendant to plead guilty to misdemeanor counts of the indictment if defendant cooperated with the police in criminal investigations. After a few months, the prosecutor determined that defendant had not fulfilled the conditions of the cooperation agreement. Following a hearing to determine the nature and scope of the cooperation agreement and the actions taken by defendant (*see, People v Argentine,* 67 AD2d 180, 184; *see also, People v Gupta* [appeal No. 3], 80 AD2d 743), County Court determined that the prosecutor was entitled to rescind the agreement. The court found that defendant failed to perform adequately under the agreement and that, although defendant was required as a condition of the agreement to refrain from further criminal activity, he committed several crimes while he was working with the police. Defendant there-

after pleaded guilty to burglary in the second degree (Penal Law § 140.25 [2]). Even assuming, arguendo, the validity of defendant's attempt to preserve the right to challenge on appeal the court's determination concerning the cooperation agreement (*see, People v Motley*, 69 NY2d 870, 871-872; *see also, People v O'Brien*, 56 NY2d 1009, 1010; *People v Thomas*, 74 AD2d 317, 321, *affd* 53 NY2d 338; *People v Loebl*, 77 AD2d 949, 950), we conclude that the court's determination is supported by the record (*see, People v Gupta*, 87 AD2d 990). In light of our decision, we do not reach defendant's remaining contentions. (Appeal from Judgment of Onondaga County Court, Brandt, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.