■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT D. MACK, Appellant. [756 NYS2d 799] —Carpinello, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered November 16, 2001, convicting defendant upon his plea of guilty of the crimes of scheme to defraud in the first degree and forgery in the second degree.

Defendant stands convicted of scheming to defraud in the first degree and forgery in the second degree. On appeal, he claims that County Court was improperly prevented from considering a sentence of parole supervision pursuant CPL 410.91 because the People refused to consent to this sentencing option. Relatedly, he claims that this consent provision (*see* CPL 410.91 [4]) is unconstitutional in that it amounts to an improper delegation of judicial power in violation of the separation of powers doctrine. We need not labor over these challenges as defendant was simply not eligible for this sentencing option having been convicted of a scheme to defraud (*see* CPL 410.91 [5]). In any event, even if defendant had been eligible for parole supervision and even if the People had consented to same, County Court expressly indicated during sentencing that it "[was] not inclined to grant [it] anyway." Finally, defendant failed to meet his heavy burden of demonstrating that CPL 410.91 (4) violates the separation of powers doctrine and is thus unconstitutional (*see People v Eason*, 40 NY2d 297, 301 [1976]).

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.