■ CITY OF NEW YORK, Appellant, v FRED NADLER et al., Respondents. DAVID HAYIM, Respondent, v CITY OF NEW YORK et al., Appellants. [759 NYS2d 49] —Order and judgment (one paper), Supreme Court, New York County (Martin Shulman, J.), entered on or about October 25, 2001, which granted David Hayim's motion for summary judgment, and directed the issuance of an order directing the return of a food vending cart, and denied the City's cross motion for summary judgment, unanimously reversed, on the law, without costs, Mr. Hayim's motion denied, and the City's cross motion granted, and the matter remanded for further proceedings including the entry of judgment in favor of appellant City of New York.

Having established at an administrative hearing that none of the individuals found selling food from the subject vending cart had a proper license (Administrative Code of City of NY § 17-307), the City had the authority, under the enforcement provisions of the food vending forfeiture statute (Administrative Code of City of NY § 17-321 [a], [c] [iii]; § 17-322 [a]), to order forfeiture of the cart. The cited Administrative Code enforcement provisions contain "mandatory and unqualified" language (*Matter of Property Clerk v Ferris*, 77 NY2d 428, 431 [1991]), leaving the court with no discretionary authority to direct the return of the cart. As the Second Department stated in *Henry v Alquist*, "[i]f the legislature had intended the penalty of forfeiture to be subject to the court's discretion, it could clearly have indicated [this] intention" in the language of the statute (127 AD2d 60, 64 [1987]). We are thus compelled to reverse the order appealed, and to grant the City's cross motion for forfeiture. Concur—Mazzarelli, J.P., Saxe, Sullivan, Rosenberger and Lerner, JJ.