Cardona, P. J.
Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered January 7, 2003, convicting defendant upon his plea of guilty of three counts of the crime of forgery in the second degree.
Defendant was indicted on 12 counts of forgery in the second degree and 12 counts of criminal possession of a forged instrument in the second degree. Claiming that he forged the checks in order to support his cocaine habit, defendant sought to plead guilty and be sentenced to parole supervision for drug treatment pursuant to CPL 410.91. The prosecutor refused to provide the required consent to that sentencing option (see CPL 410.91 [4]) and County Court denied defendant’s challenge to the constitutionality of that requirement. Thereafter, pursuant to a negotiated agreement, defendant pleaded guilty to three counts of forgery in the second degree (see Penal Law § 170.10), in full satisfaction of the indictment, and was sentenced as a second felony offender to, inter alia, concurrent prison terms of 2 to 4 years. On appeal, defendant argues that the consent provision contained in CPL 410.91 (4) unconstitutionally violates the separation of powers doctrine by improperly delegating judicial authority to the executive branch.
Initially, we note that this Court recently addressed the same argument, in dicta, in People v Mack (304 AD2d 847, 848 [2003]), where we observed that the defendant failed to show “that CPL 410.91 (4) violates the separation of powers doctrine and is thus unconstitutional.” With that issue squarely before us herein, we reach the same conclusion. Notably, with respect to sentencing in criminal matters, there can be no dispute that “the ultimate determination of an appropriate sentence is to be made by the court” (People v Farrar, 52 NY2d 302, 307 [1981]). Nevertheless, the Legislature has full authority to create criminal offenses and also “to limit the sentencing options available to the judiciary [for those offenses]” (People v Eason, 40 NY2d 297, 301 [1976]). Accordingly, “[s]o long as a statute does not wrest from courts the final discretion to impose sentence, it does not infringe upon the constitutional division of responsibilities” (id. at 301 [emphasis in original]).
Here, while CPL 410.91 (4) limits a court’s discretion to the extent of requiring the prosecutor’s consent prior to the imposition of a parole supervision sentence, it does not constrain a court to sentence a defendant in any particular way. As such, *721 defendant has failed in his “heavy burden” of establishing that CPL 410.91 (4) violates the separation of powers doctrine (People v Mack, supra at 848; see People v North St. Book Shoppe, 139 AD2d 118, 119 [1988], lv denied 72 NY2d 1048 [1988]).
Mercure, Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.