THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES MCFARLAND, Appellant.— Judgment rendered in Supreme Court, New York County, on February 8, 1973, insofar as it imposes sentence, unanimously reversed on the law, and the case remanded to the Criminal Term of the Supreme Court, New York County, for resentencing, and otherwise affirmed. The record indicates and the People concede that the People did not comply with an agreement not to make any recommendation concerning the sentences to be imposed. The People requested that the court impose concurrent maximum sentences for a D felony, which it did. A reversal and remand for resentencing is required so that, without the intervention of the People's recommendation, independent consideration may be given to the question by the Sentencing Judge (*Santobello* v. *New York*, 404 U. S. 257; *People* v. *Esposito*, 32 N Y 2d 921.) To avoid any implication that the Judge may be persuaded by the prior recommendation, such resentencing should be by a different Judge. (*People* v. *Catti*, 43 A D 2d 958.) Concur — Nunez, J. P., Kupferman, Lupiano, Steuer and Lane, JJ.