■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY TAYLOR, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered February 9, 1978, convicting defendant on his plea of guilty of the crime of burglary in the third degree. Defendant was arrested on October 9, 1974, and on December 20, 1974 he was indicted and charged with burglary in the third degree and attempted grand larceny in the third degree. He was also arrested on August 14, 1975 and charged with burglary in the third degree and criminal possession of a controlled substance in the seventh degree. He was arraigned on these charges in the City Court of the City of Kingston, and on August 19, 1975 was ordered held for the Grand Jury. On June 9, 1976, defendant entered a plea of guilty to burglary in the third degree in full satisfaction of the indictment and in full satisfaction of an asserted other indictment which was not produced to the court. At the time this plea was made, the court was advised that there was a commitment by the District Attorney's office that at the time of sentencing no recommendation nor statement whatsoever would be made with regard to the sentence to be imposed, and that matter would be left entirely to the discretion of the court. On June 7, 1977, defendant moved to vacate his plea of guilty on the ground that he had been misled at the time it was entered into believing that there were two indictments pending against him and that subsequent to entering this plea he had ascertained there was only one indictment pending and that the District Attorney was not going to abide by his promise not to make a recommendation at sentencing. This motion was denied based upon the affidavit of an Assistant District Attorney stating that the second burglary charge had not been submitted to the Grand Jury in reliance on defendant's plea and, further, that the prosecution would honor its promise not to make a sentence recommendation. On February 9, 1978, defendant was sentenced to an indeterminate term of six years, with a minimum term of two years. At the time of sentencing, the Assistant District Attorney, who had made the affidavit in opposition to the motion to vacate the plea of guilty, made a lengthy and detailed statement as to

defendant's prior criminal record and recommended that the court incarcerate defendant for the maximum period allowed by law. The defendant objected to this statement referring to the proceedings at the time of entry of the plea of guilty and to the affidavit on the motion. After the arguments, the court imposed the above sentence. Defendant now contends that the willful breach by the District Attorney of his promise not to make a recommendation as to sentence and the misrepresentation by the prosecution as to the existence of a second indictment pending to induce a guilty plea are unduly prejudicial and require vacating the plea. It is also contended that defendant was denied a speedy trial which is guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and CPL 30.20 in that 19 months elapsed between the time defendant was indicted and the time he entered his plea of guilty. In reference to defendant's contention that his plea of guilty should be vacated, the record indicates that the court concentrated solely upon the single indictment, specifically asking defendant whether he wanted to plead guilty to the felony, crime of third degree burglary, that occurred on October 29, 1977. Defendant unequivocally admitted to the commission of that specific crime, and he was aware of the admissions, implications and consequences of his plea. If there was any error, it was a harmless mistake made on a peripheral matter which cannot justify withdrawal of the plea *(People v Francis,* 38 NY2d 150; *People v Lang,* 55 AD2d 790). In addition, the permission to withdraw a plea rests largely in the discretion of the court *(People v Silipo,* 59 AD2d 807). However, the failure of the prosecution to honor its promise not to make a sentence recommendation at the time of sentencing which is not denied, may have influenced the court in setting the term of defendant's sentence. Such a promise is binding, and failure to observe it invalidates the sentence, regardless of the reason for the breach. Where the prosecution violates its agreement not to make a recommendation at the time of sentencing, the defendant is entitled to be resentenced, at which time no recommendation of sentence is to be made by the prosecutor *(People v McFarland,* 46 AD2d 616; *People v Catti,* 43 AD2d 958). The right to a speedy trial may be waived where the waiver is knowingly and voluntarily made *(People v Adams,* 38 NY2d 605). Here, defendant was represented by able counsel at all stages of the proceedings, and no motion was made to dismiss for failure to prosecute. Defendant also does not state what transpired between the time of indictment and the time he entered his plea. Obviously, plea bargaining negotiations were taking place and could have extended over a considerable period of time with the full consent of defendant and his counsel. The record established that the speedy trial question was never raised until this appeal, and defendant may not now avail himself of any relief on this issue *(People v Adams, supra).* Judgment modified, on the law and the facts, by vacating the sentence; matter remitted to Ulster County Court for resentencing, and, as so modified, affirmed. Sweeney, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.