## THIRD DEPARTMENT, AUGUST, 1980

### (August 5, 1980)

■ In the Matter of JANET CEPARANO, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the University of the State of New York, et al., Respondents.—Motion for permission to appeal to the Court of Appeals granted, without costs. No issue of fact was considered by this court. Pursuant to CPLR 5713, this court certifies that the following question of law, decisive of the correctness of its determination, has arisen, which in its opinion ought to be reviewed by the Court of Appeals: "Was the judgment of Special Term which dismissed the petition correct as a matter of law?" Sweeney, J. P., Kane, Staley, Jr., Casey and Herlihy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RODNEY TAYLOR, Petitioner, v THOMAS MAYONE, as Sheriff of Ulster County, Respondent.— Application for writ of habeas corpus denied on ground the issue raised was previously determined adversely to petitioner on the direct appeal from the judgment of conviction (People v Taylor, 64 AD2d 998) and therefore may not be reviewed again by way of habeas corpus (see, e.g., People ex rel. Knox v Smith, 60 AD2d 789, mot for lv to app den 43 NY2d 647). Sweeney, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.

■ WILLIAM R. MACKAY et al., as Executors and Trustees of THOMAS F. LUTHER, Deceased, et al., Appellants, v STATE OF NEW YORK, Respondent.— Motion for permission to prosecute appeal beyond the one-year period specified by section 800.12 of the Rules of Practice (22 NYCRR 800.12). The papers indicate that on January 12, 1979 an order was entered by the Court of Claims permitting the defendant State of New York, over claimants' objections, to file a second appraisal in this appropriation case. Claimants filed a timely notice of appeal from this determination. Thereafter, in August 1979, claimants moved the court below to "renew and rehear" the State's motion based on the occurrence of new facts. Although this motion was granted by order entered September 4, 1979, the court adhered to its original determination permitting a second appraisal. No appeal from this subsequent order was taken. Claimants' appeal from the original order was never perfected and on Janaury 12, 1980 it was deemed abandoned pursuant to 22 NYCRR 800.12. By the instant motion, claimants now seek permission to proceed with the appeal. The motion should be denied and the appeal dismissed. Following the determination of the motion for rehearing, claimants had over four months to either perfect this relatively simple appeal or move for an extension of time within which to do so. They did neither, allowed the appeal to be deemed abandoned, and then waited another five months to make the instant application. Such delay, under the circumstances, cannot be excused. We would also note that since claimants did not appeal from the subsequent order entered September 4, 1979, their contention that the one-year period should be measured from that date is without merit. Mahoney, P. J., Sweeney, Main and Casey, JJ., concur.