■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. JULIUS SMITH, Appellant, v VITO TERNULLO, as Superintendent of the Otisville Correctional Facility, Respondent. — In a habeas corpus proceeding, the petitioner appeals (1) from so much of a judgment of the Supreme Court, Orange County (Green, J.), dated September 20, 1982, as denied that branch of petitioner's application which sought cancellation of a delinquency declaration and ordered a new final parole revocation hearing, and (2) as limited by his brief, from so much of an order of the same court, dated June 27, 1983, as upon reargument, adhered to its original determination. ¶ Appeals dismissed, without costs or disbursements. ¶ The petitioner has been released on parole and, therefore, his liberty is no longer restrained to such a degree as to entitle him to the extraordinary writ of habeas corpus (*People ex rel. Wilder v Markley,* 26 NY2d 648). Titone, J. P., Gibbons, Thompson and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RODNEY TAYLOR, Appellant, v COMMISSIONER OF CORRECTION, Respondent. — In a habeas corpus proceeding, petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Dutchess County (Rosenblatt, J.), dated July 26, 1982, as dismissed that part of the petition as challenged certain judgments of conviction rendered in Ulster County upon the ground that he did not receive effective assistance of counsel. ¶ Judgment affirmed insofar as appealed from, without costs or disbursements. ¶ At the time that petitioner commenced this proceeding, the latest in a series of habeas corpus petitions (see, e.g., *People ex rel. Taylor v Mayone,* 77 AD2d 953), the Appellate Division, Third Department, had affirmed one of the judgments of conviction (*People v Taylor,* 64 AD2d 998, mot for lv to app den 46 NY2d 1085). In the interim between the issuance of the judgment under review and the perfection of this appeal, the other judgment of conviction was also affirmed by the Appellate Division, Third Department (*People v Taylor,* 91 AD2d 729, mot for lv to app den 58 NY2d 1123). The question of effective assistance of counsel was explicitly rejected in the latter decision. Habeas corpus may not be utilized to review claimed errors already passed upon on a direct appeal (*People ex rel. Keitt v McMann,* 18 NY2d 257, 262; *People ex rel. Myers v Dalsheim,* 97 AD2d 447). Further, habeas corpus would not lie with respect to either judgment because the claims, even if meritorious, would result in new trials, not release from custody (*People ex rel. Kaplan v Commissioner of Correction,* 60 NY2d 648; *People ex rel. Douglas v Vincent,* 50 NY2d 901). Titone, J. P., Bracken, Brown and Rubin, JJ., concur.