OPINION OF THE COURT
Steven Lloyd Barrett, J.
Based upon the foregoing papers and the evidence presented at a hearing held on March 6, 1987, the petitioner’s writ of habeas corpus is hereby dismissed.
Petitioner previously brought a writ of habeas corpus in September 1986, on the ground that he had not been afforded a final parole revocation hearing within the statutory 90-day time period. (Executive Law § 259-i [3] [fj [i].) Upon the State’s concession of that fact, an order was executed by this court on September 18, 1986, sustaining the petitioner’s writ and ordering his restoration to parole supervision. Petitioner was re *684 stored to supervision on September 19, 1986. He was subsequently violated on September 30, 1986, based upon failure to make a timely appearance at a scheduled parole office visit, failure to seek, obtain and maintain employment, use of a controlled substance, and the display of threatening behavior towards his parole officer and other officers.
A preliminary hearing on these charges was held on October 8, 1986, and continued on October 15, 1986. Probable cause was found on the charge of petitioner’s threatening behavior towards the parole officers. The remaining charges were reserved for the final parole revocation hearing. Petitioner brought the instant writ, claiming that he was provoked by his parole officer into such behavior to justify filing a violation of parole and that this violation was in direct contravention of the order signed by this court on September 18, 1986.
Prior to the determination of petitioner’s writ, the court was advised that negotiations were underway to find an alternative to parole revocation and reincarceration. As a result of these negotiations, on December 11, 1986, petitioner voluntarily signed an "Alternative to Revocation Agreement” whereby he waived his right to a final hearing in order to enter a parole transition facility. Pursuant to such agreement, petitioner was required to complete the transition program of up to six months; thereupon, the Division of Parole would vacate petitioner’s declaration of delinquency and restore him to parole supervision. If petitioner failed to complete the program successfully, he could be reincarcerated "in a jail facility” and his final revocation hearing would be rescheduled.
Petitioner now contends that he is being illegally confined in the transition facility because the violation of parole lodged against him on September 30, 1986 was unjustified. On March 6, 1987, this court conducted a hearing to evaluate the September 30, 1986 violation of parole.
As a preliminary matter to the hearing, the State asserted that the court lacked jurisdiction to consider petitioner’s writ because his placement in the transition facility did not constitute an illegal detention. The State contended that, as a result of petitioner’s voluntary agreement to enter the parole transition facility, the parole violation warrant was lifted and held in abeyance pending completion of the transition program. In support of its positions, the State cites as authority People ex *685 rel. Hampton v Shrader (34 AD2d 1000 [2d Dept 1970]), wherein it was determined that a person released from institutional confinement and placed on aftercare at a rehabilitation center was not subject to a restraint of his liberty that would entitle him to seek habeas corpus relief. Petitioner argues in response that he is restrained, that he has been declared delinquent, and that the rules of the transition program are contrary to the agreement he signed. This court must decide whether habeas corpus relief is available to one who voluntarily enters such a transition facility.
CPLR 7002 provides that "[a] person illegally imprisoned or otherwise restrained in his liberty within the state * * * may petition * * * for a writ of habeas corpus”. Petitioner here is not "imprisoned”, as that term is generally construed to mean confinement in a correctional facility. A correctional facility (or institution) is any place operated by the Department of Correctional Services and includes residential treatment facilities. (Correction Law § 2 [4] [a] [c]; [6].) It is a basic requirement that the person seeking the writ is in the custody and control of the Department of Correctional Services. When a person is paroled from a correctional facility, he is then placed in the custody of the Division of Parole until the maximum period of his sentence, or expiration of the period of supervision, or his return to an institution under the jurisdiction of the Department of Correctional Services. (Executive Law § 259-i [2] [b]; 9 NYCRR 8003.1 [a].) This custody is deemed to be "constructive” and continuous during the period of parole, subject to being reduced to actual custody. (See, People v Santos, 31 AD2d 508, 509, affd 25 NY2d 976 [1969], mot to amend remittitur granted 25 NY2d 704 [1969], cert denied 397 US 969; Matter of Menechino v Division of Parole, 32 AD2d 761, 762, affd 26 NY2d 837 [1970].) But, while a parolee is under the control of the Division of Parole at all times during the parole term, he is not deemed to be restrained of his liberty to the extent that habeas corpus relief is warranted. (See, People ex rel. Yacobellis v McKendrick, 28 NY2d 808 [1971]; People ex rel. Romano v Warden, 28 NY2d 928 [1971]; People ex rel. Wilder v Markley, 26 NY2d 648 [1970]; People ex rel. Smith v Ternullo, 100 AD2d 525 [2d Dept 1984].)
Based upon the foregoing, petitioner here would not be entitled to habeas corpus relief unless he were physically imprisoned in a correctional facility, which he is not, or otherwise restrained in his liberty, which he is not while on parole. Petitioner is situated somewhere in the middle — hence, *686 the "transitional” phase. He is not fully on parole and he has not been reincarcerated in a correctional facility. The parole transition facility program is a recent legislative enactment (L 1983, ch 417) as an alternative to reincarceration of parole violators. This law amended sections 259-a and 259-i of the Executive Law to add a new "parole transition program”, limited to parolees who, through the formal hearing process, are found to have violated conditions of release and otherwise would be reincarcerated. The parole transition facility is seen as a third intermediate option for violators whose actions do not justify reincarceration but who are not yet suited for return to the community. The Parole Board has exclusive authority to make this determination and to place additional conditions of release for those placed in transition facilities. (See, Legislative Mem, 1983 McKinney’s Session Laws of NY, at 2542-2543.)
This court has not found binding authority interpreting the effect of a person’s entrance into the transition program in terms of the habeas corpus remedy. However, based upon the court’s understanding of the purposes served by New York’s habeas corpus remedy as reflected in the decisional law on analogous issues, this court finds that petitioner, by his voluntary agreement to enter the nonincarceratory transition facility as an alternative to immediate reincarceration, has not been restrained in his liberty to a degree warranting the extraordinary relief of habeas corpus.
Notwithstanding the foregoing, assuming, arguendo, that petitioner is entitled to invoke habeas corpus jurisdiction, this court finds that the Division of Parole’s declaration of delinquency on September 30, 1986, was not in violation of this court’s previous order of September 18, 1986 which restored petitioner to parole status. Nor has petitioner made a sufficient showing of abuse of discretion by the parole officer in filing such a declaration of delinquency against petitioner. While this court recognizes that the parole officer may not have exercised the utmost patience or sympathy for petitioner, I find that petitioner, following his very first appointment upon being restored to parole, appeared for the office visit at 6:00 p.m. after being instructed to appear in the morning, plainly a violation of his release. Whether or not petitioner’s lateness and surrounding conduct necessitated a violation of parole is not a matter for this court to decide in the first instance. The violation here clearly does not constitute egregious abuse of discretion that warrants judicial intervention *687 before the administrative process has had an opportunity to pass judgment.
Accordingly, as petitioner in this case is not entitled to habeas corpus relief, and even if he were, has not shown any abuse of discretion by the parole officer so as to violate this court’s previous order, the petitioner’s writ is hereby dismissed.