THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON C. BLOOM, JR., Appellant. [703 NYS2d 763] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10). Though only 16 years old at the time of the crime, defendant was sentenced as an adult to a determinate term of imprisonment of nine years. Defendant contends that disclosure to and consideration by the sentencing court of a prior uncharged act of juvenile delinquency denied him equal protection and due process; that County Court erred in failing to specify a period of post-release supervision following completion of the determinate sentence; and that the sentence is unduly harsh or severe.

Defendant's constitutional claim is premised upon the record sealing provisions of the Family Court Act (*see,* Family Ct Act § 375.1; *see also,* Family Ct Act §§ 354.1, 381.2, 381.3; *cf.,* CPL 160.50; *see generally, Matter of Alonzo M. v New York City Dept. of Probation,* 72 NY2d 662). Defendant concedes that he is not within the class of juveniles protected by section 375.1, but contends that he is similarly situated to those juveniles protected by the statute and must, consistent with equal protection and due process, be accorded those same protections. Defendant's contention has not been preserved for our review (*see,* CPL 470.05 [2]; *People v Koegel,* 256 AD2d 1119, *lv denied* 93 NY2d 926). Defendant failed to raise any constitutional claim at any stage of the proceedings before County Court. Moreover, at sentencing, defendant did not object to references in the presentence investigation report to the uncharged delinquency, nor did he request that the court not consider such information. We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see, People v Koegel, supra*).

There was no need for the court to specify a period of post-release supervision. Under Penal Law § 70.45 (2), "[t]he length of the period of 'post-release supervision' is five years * * * unless the court specifies a shorter period" (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 70.45, 1999-2000 Interim Pocket Part, at 81).

We have reviewed defendant's challenge to the severity of the sentence and conclude that it is without merit. (Appeal

from Judgment of Genesee County Court, Noonan, J.—Robbery, 2nd Degree.) Present—Pine, J. P., Hayes, Scudder and Lawton, JJ.