■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY B. MINTER, Appellant. [744 NYS2d 739] —Appeal from a judgment of Monroe County Court (Connell, J.), entered August 28, 2000, convicting defendant upon his plea of guilty of burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the first degree (Penal Law § 140.30 [2]). Defendant contends that his plea was not knowingly and voluntarily entered because County Court failed to advise him at the time of the plea that the maximum sentence that it would impose would be followed by a mandatory five-year period of postrelease supervision (*see* § 70.45 [2]). Defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]; *People v Lopez,* 71 NY2d 662, 665-666).

We reject the further contention of defendant that the court erred at sentencing in failing to permit him to address the court with respect to his pro se motion to withdraw his plea. The determination whether to entertain a pro se motion of a defendant who is represented by counsel is solely within the court's discretion (*see People v Rodriguez,* 95 NY2d 497, 500). We have reviewed the contentions of defendant in his pro se supplemental brief and conclude that they are without merit.

Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Lawton, JJ.