■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMANTHA CRUMP, Appellant. [753 NYS2d 793] —Appeal from a judgment of Supreme Court, Erie County (Tills, J.), entered October 26, 2000, which revoked defendant's probation and imposed a sentence of imprisonment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant admitted to a violation of probation and was sentenced to two determinate terms of imprisonment of four years upon her underlying conviction of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) and assault in the second degree (§ 120.05 [6]), both class D violent felonies (§ 70.02 [1] [c]). Supreme Court directed that the sentence imposed on the assault conviction shall run concurrently with the sentence imposed on the attempted burglary

conviction. Defendant contends that the sentence is "unlawful" based on the court's failure to advise her at sentencing that she would be subject to a period of postrelease supervision. "Postrelease supervision is mandatory for determinate sentences and is automatically included in the sentence" (*People v White,* 296 AD2d 867, 867). The period of postrelease supervision on a conviction of a class D violent felony offense is three years, unless the court specifies a shorter period (*see* § 70.45 [2]), and thus the court was not required to specify a period of postrelease supervision at sentencing (*see People v Bloom,* 269 AD2d 838, *lv denied* 94 NY2d 945). Further, defendant failed to move to withdraw her admission to the violation of probation or to vacate the judgment of conviction and thus has failed to preserve for our review her further contention that the admission should be vacated because the court failed to advise her at the time of the admission that she would be subject to a period of postrelease supervision (*see People v Shumway,* 295 AD2d 916; *People v Minter,* 295 AD2d 927, *lv denied* 98 NY2d 712). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see People v White,* 296 AD2d 867). The sentence is not unduly harsh or severe. Present—Green, J.P., Wisner, Scudder, Burns and Hayes, JJ.