FOURTH DEPARTMENT, JUNE, 2003

(June 13, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY B. MINTER, Appellant. [760 NYS2d 806] —Appeal from an order of Monroe County Court (Connell, J.), entered January 17, 2002, which denied defendant's CPL article 440 motion seeking to vacate the judgment of conviction.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Although County Court properly denied defendant's CPL article 440 motion seeking to vacate the judgment of conviction, we conclude that the court erred in its reasoning. Defendant contends, inter alia, that his plea of guilty to burglary in the first degree in exchange for a term of incarceration not to exceed 12 years was not knowing and vol-

---

untary because the court failed to advise him of the mandatory period of postrelease supervision at the time of the plea. When defendant raised that contention on his direct appeal from the judgment of conviction, we noted in our decision therein that his contention was not preserved for our review, and we declined to exercise our power to review it as a matter of discretion in the interest of justice (*People v Minter,* 295 AD2d 927 [2002], *lv denied* 98 NY2d 712 [2002]). The court should have denied defendant's motion pursuant to CPL 440.10 (2) (b) because defendant's direct appeal from the judgment of conviction was pending at the time of the motion and there were sufficient facts in the record to permit adequate review of defendant's contention on the direct appeal. Instead, the court denied the motion as a matter of law, relying upon our decision in *People v Bloom* (269 AD2d 838 [2000], *lv denied* 94 NY2d 945 [2000]). The court's reliance on *Bloom* was misplaced. In *Bloom* (269 AD2d at 838), we determined that there was no need for the sentencing court to specify a period of postrelease supervision inasmuch as, pursuant to Penal Law § 70.45 (2), the period of postrelease supervision is five years unless a shorter period is specified by the court. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.