■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUISE ADAMS, Appellant. [785 NYS2d 331]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered July 11, 2002, convicting defendant, upon her plea of guilty, of robbery in the second degree, and sentencing her to a term of four years, unanimously affirmed.

The record contradicts defendant's assertion that the court failed to exercise its discretion in fixing a term of postrelease supervision. Such supervision was automatically included in defendant's sentence (Penal Law § 70.45 [1]), and the statutory period of supervision on a class C violent felony conviction is automatically five years (Penal Law § 70.45 [2]) unless the court specifies a shorter period (see People v Hollenbach, 307 AD2d 776 [2003], lv denied 100 NY2d 642 [2003]). Therefore, the court's use of the phrase "the appropriate post-release supervision time," without any reference to a specific period, was clearly intended to mean that the default period of five years would be applicable.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Andrias, Saxe, Williams and Sweeny, JJ.