■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY B. MINTER, Appellant. [838 NYS2d 764]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (John J. Connell, J.), entered May 11, 2005. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of burglary in the first degree.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law, the motion is granted, the judgment of conviction is vacated and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from an order denying his motion pursuant to CPL 440.10 seeking to vacate the judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]). We agree with defendant that County Court erred in denying the motion. The record reflects that the court failed to advise defendant at the time of the plea that his sentence would include a mandatory period of postrelease supervision. Subsequent to our decision affirming defendant's judgment of conviction (*People v Minter*, 295 AD2d 927 [2002], *lv denied* 98 NY2d 712 [2002]), the Court of Appeals made clear that "a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, [and] the failure of a court to advise of postrelease supervision requires reversal of the conviction" (*People v Catu*, 4 NY3d 242, 245 [2005]; *see People v Louree*, 8 NY3d 541 [2007]). Here, defendant "did not possess all the information necessary for an informed choice among different possible courses of action because [ ]he was not told that [ ]he would be subject to mandatory postrelease supervision as a consequence of [his] guilty

plea. Accordingly, defendant's decision to plead guilty cannot be said to have been knowing, voluntary and intelligent" (*People v Van Deusen*, 7 NY3d 744, 746 [2006]). We therefore reverse the order, grant defendant's motion, vacate the judgment of conviction and remit the matter to County Court for further proceedings on the indictment. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Green, JJ.