■■■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MAUREEN MCBRIDE, on Behalf of JORGE SOTO, Petitioner, v GEORGE B. ALEXANDER, as Chairman of the New York State Division of Parole, Respondent. [848 NYS2d 284]—

Writ of habeas corpus in the nature of an application for the release of former detainee Jorge Soto from a purported sentence of postrelease supervision.

Ordered that, pursuant to CPLR 103 (c), the matter is converted into a proceeding pursuant to CPLR article 78 in the nature of prohibition seeking to prohibit the respondent from enforcing the sentence of postrelease supervision; and it is further,

Ordered that the order to show cause for a writ of habeas corpus and the petition for a writ of habeas corpus are deemed to be an order to show cause and a petition in a proceeding pursuant to CPLR article 78 in the nature of prohibition; and it is,

Adjudged that the petition is granted, without costs or disbursements, and George B. Alexander, Chairman, New York State Division of Parole, is prohibited from enforcing the sentence of postrelease supervision imposed upon Jorge Soto upon his release from incarceration on December 12, 2006.

Pursuant to promises made at the time of guilty pleas taken by former detainee Jorge Soto, the sentencing courts sentenced him to determinate prison terms of 3½ years upon his conviction of attempted robbery in the first degree and seven years upon his conviction of assault in the second degree, with the sentences to run concurrently. Thereafter, upon Soto's release from incarceration at the conclusion of his sentences, he was notified by the New York State Division of Parole (hereinafter the Division of Parole) that he was subject to its continuing supervision by virtue of Penal Law § 70.45. He was subsequently found to have violated the conditions of release and detained in upstate New York as a consequence of that violation. Upon being released from confinement and thereafter having his move-

ment and living arrangements restricted by the Division of Parole, this matter was commenced.

Preliminarily, we find that Soto's claims would "be best reviewed in a proceeding pursuant to CPLR article 78" (*People ex rel. DeFlumer v Strack,* 212 AD2d 555, 555 [1995]). "[A]ppellate courts are empowered to convert a civil proceeding into one which is proper in form under CPLR 103 (c) making whatever order is necessary" (*People ex rel. Brown v New York State Div. of Parole,* 70 NY2d 391, 398 [1987]). We therefore convert this matter into a proceeding pursuant to CPLR article 78 for a writ of prohibition, note that it is timely, and grant the petition.

Neither the sentencing minutes nor the sentencing courts' orders of commitment mentioned the imposition of any period of postrelease supervision. Therefore, the sentences actually imposed by the courts never included, and do not now include, any period of postrelease supervision (*see People ex rel. Gerard [Colarusso] v Kralik,* 44 AD3d 804 [2007], and the cases cited therein). Thus, there was no basis to subject Soto to postrelease supervision by the Division of Parole. Accordingly, Soto has established a clear right to prohibition, and is entitled to the immediate cessation of the enforcement, by the Division of Parole, of the terms of the postrelease supervision improperly added to his sentences. Crane, J.P., Rivera, Florio and Balkin, JJ., concur.