THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM A. O'KEEFE, Appellant. [849 NYS2d 918]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered November 21, 2006. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree (eight counts) and attempted burglary in the second degree (three counts).

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Ontario County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of eight counts of burglary in the second degree (Penal Law § 140.25 [2]), and three counts of attempted burglary in the second degree (§§ 110.00, 140.25 [2]). The record establishes that County Court did not advise defen-

dant at the time of the plea proceeding that his sentence would include a mandatory period of postrelease supervision. As a result, defendant was unable "to knowingly, voluntarily and intelligently choose among alternative courses of action" (*People v Catu*, 4 NY3d 242, 245 [2005]; *see People v Minter*, 42 AD3d 914 [2007]), and his plea must be vacated. We therefore reverse the judgment, vacate the plea, and remit the matter to County Court for further proceedings on the indictment. Present— Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.