(February 20, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SIDNEY BURCH, Appellant, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [853 NYS2d 756]—

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered January 15, 2007 in a habeas corpus proceeding. The judgment denied the petition.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the writ of habeas corpus is sustained, and

It is further ordered that respondent is directed to discharge petitioner from custody forthwith.

Memorandum: On September 7, 2004, petitioner admitted to violating the terms of a sentence of probation imposed in Supreme Court, Bronx County, upon his conviction of attempted robbery in the second degree. He was sentenced to a determinate term of imprisonment of two years, but the court did not impose a period of postrelease supervision. During petitioner's term of imprisonment, respondent, New York State Department of Correctional Services (DOCS), added a three-year period of postrelease supervision to petitioner's sentence. Petitioner was released from prison in May 2005, but in July 2005 he was declared delinquent by the Division of Parole and was returned to DOCS, where he remains imprisoned.

Petitioner commenced this proceeding seeking a writ of habeas corpus on the ground that he was being illegally detained beyond the maximum two-year term of imprisonment imposed by the court. In denying the petition, Supreme Court relied in part on our decisions in *People v Hollenbach* (307 AD2d 776 [2003], *lv denied* 100 NY2d 642 [2003]) and *People v Crump* (302 AD2d 901 [2003], *lv denied* 100 NY2d 537 [2003]). We reverse, however, because we agree with the decision of the Second Circuit Court of Appeals that, in the event that a court does not impose a period of postrelease supervision as part of a defendant's sentence, the sentence has no postrelease supervision component (*Earley v Murray*, 451 F3d 71, 76 [2006], *reh denied* 462 F3d 147 [2006]; *see People ex rel. Gerard [Colarusso] v Kralik*, 44 AD3d 804, 804-805 [2007]; *People v Martinez*, 40 AD3d 1012 [2007]; *see generally Hill v United States ex rel. Wampler*, 298 US 460, 464 [1936]). As the Court of Appeals has stated, postrelease supervision is a "direct consequence of a criminal conviction" (*People v Catu*, 4 NY3d 242, 244 [2005]; *see People v Louree*, 8 NY3d 541, 545 [2007]), and we conclude that it therefore must be expressly imposed by the court (*see Earley*, 451 F3d at 76). To the extent that our prior decisions in *Hollenbach* and *Crump* hold otherwise, they are no longer to be followed (*see People ex rel. Eaddy v Goord*, 48 AD3d 1307 [2008]). Present—Hurlbutt, J.P., Smith, Centra, Green and Gorski, JJ.