■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM EADDY, Appellant, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [855 NYS2d 314]—Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered December 5, 2006 in a habeas corpus proceeding. The judgment denied the petition.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the habeas corpus proceeding is converted to a CPLR article 78 proceeding in the nature of prohibition, the petition is granted, and judgment is granted in favor of petitioner as follows:

"It is ADJUDGED that respondent is prohibited from adding a period of postrelease supervision to petitioner's sentence of imprisonment."

Memorandum: On July 5, 2001, petitioner was sentenced in Supreme Court, Queens County, to a determinate term of imprisonment of six years upon his conviction of rape in the first degree. The court did not impose a period of postrelease supervision. During petitioner's imprisonment, respondent, New York State Department of Correctional Services (DOCS), added

a five-year period of postrelease supervision to petitioner's sentence of imprisonment. At the time of his release from imprisonment in December 2005, petitioner refused to sign a form indicating that he would adhere to the terms of postrelease supervision, and he was returned to DOCS in May 2006 following his arrest for violating those terms. Petitioner then commenced this proceeding seeking a writ of habeas corpus on the ground that he was being illegally detained beyond the six-year term of imprisonment imposed by the court. Here, as in *People ex rel. Burch v Goord* (48 AD3d 1306 [2008]), the court relied in part on our decisions in *People v Hollenbach* (307 AD2d 776 [2003], *lv denied* 100 NY2d 642 [2003]) and *People v Crump* (302 AD2d 901 [2003], *lv denied* 100 NY2d 537 [2003]) in denying the petition. Petitioner has subsequently been released to the Division of Parole until December 2010.

We note at the outset that a writ of habeas corpus is no longer available to petitioner inasmuch as he has been released on parole (*see People ex rel. Murray v Bartlett*, 89 NY2d 1002 [1997]). Nevertheless, we convert this proceeding to one pursuant to CPLR article 78 in the nature of prohibition, and we consider the merits of the appeal (*see* CPLR 103 [c]; *People ex rel. McBride v Alexander*, 46 AD3d 849 [2007]; *see generally People ex rel. Brown v New York State Div. of Parole*, 70 NY2d 391, 398 [1987]).

For the same reasons set forth in our decision in *Burch*, we reverse the judgment herein. We again note that, to the extent that our prior decisions in *Hollenbach* and *Crump* hold otherwise, they are no longer to be followed. Present—Hurlbutt, J.P., Smith, Centra, Green and Gorski, JJ.