*628 OPINION OF THE COURT
Anthony F. Shaheen, J.
On May 13, 2008 Angel Hernandez filed this habeas corpus petition, through his attorney, for immediate release from custody, alleging that the Department of Correctional Services inappropriately added a five-year term of postrelease supervision to his commitment. His papers were received by this court on May 13, 2008 at which time this court immediately signed a writ of habeas corpus and transmitted same to petitioner’s counsel by fax transmission the same date. Counsel for petitioner waived production of petitioner, and this court made the writ returnable after May 27, 2008, to wit June 4, 2008, at petitioner’s request so that service could be effectuated. Petitioner’s counsel effected service of this writ by regular mail on respondents and on the Utica regional office of the Attorney General, and the Attorney General served and filed a “Return” dated May 23, 2008.
The underlying facts reveal that petitioner was sentenced in Bronx County Supreme Court (Lawrence Tonetti, J.) on September 22, 1999 pursuant to a plea bargain on two separate indictments, to consecutive terms of imprisonment as follows: a determinate term of five years for robbery in the first degree and an indeterminate term of 1 to 3 years for criminal sale of a controlled substance in the third degree. This court has reviewed the transcript of the sentencing minutes, which confirms that the sentencing court did not apprise petitioner of the statutorily mandated additional period of postrelease supervision as part of petitioner’s sentence; and the Attorney General concedes this fact in its return filed in response to this writ of habeas corpus. This court has also reviewed the court clerk’s record of the sentencing commitment, which indicates no imposition of a period of postrelease supervision. Nevertheless, a five-year period of postrelease supervision was administratively imposed by the Department of Correctional Services and petitioner was released to said postrelease supervision, which is scheduled to expire on February 6, 2010. On October 24, 2007, parole violation warrant No. 473989 was executed against petitioner, charging him with violating the terms of his administratively imposed postrelease supervision. After a final parole revocation hearing on November 16, 2007, he was found to have violated the terms of his postrelease supervision and was given a time assessment of 12 months.
Respondents, through the Attorney General, do not dispute that but for the administratively imposed five-year term of post- *629 release supervision, petitioner has reached his maximum expiration date. Respondents concede that the sentence and commitment form issued by the sentencing court is silent regarding postrelease supervision; and respondents further concede that the Court of Appeals and the Fourth Department have recently held that the Department of Correctional Services cannot administratively add a mandatory period of postrelease supervision, which may only be pronounced by the sentencing judge (see People ex rel. Foote v Piscotti, 51 AD3d 1407 [4th Dept 2008]; see also Matter of Garner v New York State Dept. of Correctional Servs., 10 NY3d 358 [2008]; see also People ex rel. Burch v Goord, 48 AD3d 1306 [2008], lv denied 50 AD3d 1630 [4th Dept 2008]). However, relying on the Court of Appeals decision in People v Sparber (10 NY3d 457 [2008]), which was decided the same day as Matter of Garner, respondents take the position that when a court fails to advise a defendant regarding the mandatory postrelease supervision component of a determinate term of imprisonment, the proper remedy is the vacatur of the sentence and remittal for resentencing so the trial judge can make the required pronouncement concerning postrelease supervision (which is a statutory component of a determinate term of imprisonment). The Court of Appeals in Sparber held that to permit petitioner to serve a determinate sentence without a period of postrelease supervision violates the statutory mandate, and that the sole remedy is remittal. Respondents further assert that petitioner is not entitled to retain his determinate sentence without a period of postrelease supervision, and they ask this court to remit this habeas corpus proceeding to the trial court that presided over the criminal matter for resentencing in the county of conviction where the District Attorney can be made a party to the proceeding.
This court has carefully reviewed the recent, relevant line of cases and notes that the Court of Appeals decision to remit the Sparber defendants back to the trial court for resentencing involved defendants who were challenging their sentences while still incarcerated on their original sentences. In contrast, the instant petitioner Angel Hernandez has reached the maximum expiration date of his sentence and was released to parole supervision. But for the period of postrelease supervision which was improperly imposed by the Department of Correctional Services, petitioner would not now be incarcerated. Accordingly, petitioner is entitled to be discharged from custody. Although the Department of Correctional Services may not impose such a *630 period, of postrelease supervision, there is nothing in this court’s decision which prevents the sentencing court from vacating petitioner’s sentence and resentencing him.
Based on the facts and circumstances herein, and in light of the recent Court of Appeals Decisions in Matter of Garner, as well as the Fourth Department’s decisions in People ex rel. Foote and People ex rel. Burch, it is hereby ordered and adjudged that Angel Hernandez (DIN No. 99-A-5765) be discharged from the custody of respondents Superintendent of Oneida Correctional Facility, New York State Division of Parole and New York State Department of Correctional Services, and from further detention by virtue of warrant No. 473989 under which petitioner Angel Hernandez is currently being held; and it is further ordered and adjudged that respondents be and hereby are directed to immediately release and discharge Angel Hernandez from such detention.