■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MAUREEN MCBRIDE, on Behalf of JORGE SOTO, Petitioner, v GEORGE B. ALEXANDER, as Chairman, New York State Division of Parole, Respondent. [863 NYS2d 467]—Motion by the respondent for leave to reargue a writ of habeas corpus in the nature of an application for the release of former detainee Jorge Soto from a sentence of postrelease supervision imposed by the New York State Division of Parole, which was determined by a decision, order, and judgment of this Court dated December 18, 2007, or, in the alternative, for leave to appeal to the Court of Appeals from the decision, order, and judgment of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to reargue is granted; and it is further,

Ordered that the motion is otherwise denied; and it is further,

Ordered that, upon reargument, the decision, order, and judgment of this Court dated December 18, 2007 (*see People ex rel. McBride v Alexander*, 46 AD3d 849 [2007]), is recalled and vacated, and the following decision and judgment is substituted therefor:

Writ of habeas corpus in the nature of an application for the release of former detainee Jorge Soto from a sentence of postrelease supervision imposed by the New York State Division of Parole. Presiding Justice Prudenti has been substituted for former Justice Crane (*see* 22 NYCRR 670.1 [c]).

Adjudged that the writ is dismissed, without costs or disbursements.

An individual who has been released on parole is not sufficiently restrained of his or her liberty so as to be entitled to the extraordinary writ of habeas corpus (*see People ex rel. Murray v Bartlett,* 89 NY2d 1002 [1997]; *People ex rel. Dunne v Cleary,* 38 NY2d 850 [1976]; *People ex rel. Yacobellis v McKendrick,* 28 NY2d 808 [1971]; *People ex rel. Romano v Warden, Bronx House of Detention for Men,* 28 NY2d 928 [1971]; *People ex rel. Wilder v Markley,* 26 NY2d 648 [1970]; *People ex rel. Foster v New York State Bd. of Parole,* 107 AD2d 776 [1985]; *People ex rel. Smith v Ternullo,* 100 AD2d 525 [1984]; *see generally* CPLR 7002 [a]). Additionally, this Court may not convert the matter, pursuant to CPLR 103 (c), to a CPLR article 78 proceeding, as this Court would not have original subject matter jurisdiction to entertain such a proceeding where no "justice of the supreme court or . . . judge of a county court or the court of general sessions" was named as a respondent (CPLR 506 [b] [1]; *see* 7804 [b]; *Matter of Nolan v Lungen,* 61 NY2d 788, 790 [1984]; *Matter of White v People,* 41 AD3d 860, 860 [2007]; *Matter of Ruiz v Goord,* 39 AD3d 866, 867 [2007]; *Matter of Majestic Collectibles v Spitzer,* 307 AD2d 296, 296 [2003]). Accordingly, the writ must be dismissed. Prudenti, P.J., Rivera, Florio and Balkin, JJ., concur.