■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN STEWARTSON, Appellant. [883 NYS2d 51]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Gerges, J.), imposed September 20, 2007, upon his conviction of robbery in the first degree (two counts), upon a jury verdict.

Ordered that the resentence is affirmed.

In 2000 the defendant was convicted, after a jury trial, of two counts of robbery in the first degree, and was sentenced to a determinate term of imprisonment of 15 years on each of the two counts, with the terms to run consecutively. Neither the sentencing minutes nor the order of commitment mentioned any period of postrelease supervision (hereinafter PRS).

In 2007 the defendant, alleging that the Department of Correctional Services had administratively added a five-year period of PRS to his sentence, moved to vacate his conviction and sentence. The Justice of the Supreme Court who had imposed the original sentence denied the defendant's motion, but directed that the defendant be resentenced for the purpose of adding a period of PRS in order to make the sentence legal. At a resentencing proceeding before a different Justice, the defendant was resentenced to the same consecutive terms of imprisonment he had originally received, plus two concurrent five-year periods of PRS.

On appeal from the resentence, the defendant argues that because the original sentencing court did not consider the fact that PRS would be part of his sentence, it may have imposed lengthier prison terms than it would have imposed in conjunction with a period of PRS. Thus, the defendant reasons, in resentencing him, the court should have exercised its discretion

to consider whether the sentence as a whole was appropriate in light of all relevant sentencing factors, and specifically whether the duration of the originally-imposed terms of incarceration was still appropriate, in view of the fact that the sentence would now include a period of PRS.

The defendant's argument rests on the premise that the original sentencing court was ignorant of the applicable law, which made PRS part of every determinate sentence. Trial judges, however, "are presumed to know the law and to apply it in making their decisions" (*Lambrix v Singletary*, 520 US 518, 532 n 4 [1997] [internal quotation marks omitted]; *see United States v McGlothen*, 556 F3d 698, 702 [2009]; *United States v Fernandez*, 443 F3d 19, 29-31 [2006]). Here, we presume that the original sentencing court imposed the terms of imprisonment with full awareness that the defendant would be serving a period of PRS upon his release from prison.

The defendant has not pointed to any " 'contrary indications' " in the record that would overcome the presumption that the court was aware of the PRS requirement when it sentenced the defendant in 2000 (*United States v Carter*, 489 F3d 528, 541 [2007], *cert denied sub nom. Bearam v United States*, 552 US —, 128 S Ct 1066 [2008], quoting *United States v Banks*, 464 F3d 184, 190 [2006], *cert denied* 552 US —, 128 S Ct 332 [2007]; *see United States v A.B.*, 529 F3d 1275, 1288 [2008], *cert denied* 555 US —, 129 S Ct 440 [2008]). The court's failure to expressly pronounce the PRS component of the sentence does not indicate that it was unaware that PRS would be part of the sentence, since, until 2008 (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 363 [2008]; *People ex rel. Burch v Goord*, 48 AD3d 1306 [2008]), there was authority for the proposition that PRS automatically became part of every determinate sentence by operation of law, even without a pronouncement by the sentencing court (*see People v Sparber*, 34 AD3d 265 [2006], *mod* 10 NY3d 457 [2008]; *People v Crump*, 302 AD2d 901 [2003]; *People v White*, 296 AD2d 867 [2002], citing Penal Law § 70.45 [1] [eff until June 30, 2008] ["Each determinate sentence also includes, as a part thereof, an additional period of post-release supervision"]). Thus, in this case, there was no basis for the resentencing court to reconsider the propriety of the imprisonment component of the sentence.

The defendant's remaining contentions are without merit. Prudenti, P.J., Fisher, Miller and Lott, JJ., concur.