The defendant's contention that the County Court erroneously failed to deliver a missing witness charge is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, this contention is without merit inasmuch as the defendant never established that the witness in question was in the People's control or that his whereabouts could have been ascertained with due diligence (*see People v Williams,* 47 AD3d 854 [2008]).

The defendant's remaining contention is without merit. Prudenti, P.J., Miller, Covello and Austin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MEDINE JEANTY, Appellant. [884 NYS2d 193]—Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Queens County (Hanophy, J.), imposed September 27, 2007, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Fisher, Covello, Leventhal and Austin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICKI M. PRYOR, Appellant. [884 NYS2d 193]—Appeal by the defendant, as limited by her motion, from a sentence of the County Court, Suffolk County (Gazzillo, J.), imposed April 17, 2007, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed. No opinion. Fisher, J.P., Covello, Leventhal and Austin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE SIMPSON, Appellant. [883 NYS2d 723]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Dowling, J.), imposed June 18, 2007, upon his conviction of burglary in the second degree and theft of services, upon a jury verdict.

Ordered that the resentence is affirmed.

The defendant was convicted, after a jury trial, of burglary in the second degree and theft of services, and was sentenced as a second violent felony offender to a determinate term of

imprisonment of 15 years. Upon the defendant's pro se motion, the court ordered that the defendant be resentenced because it failed, at the original sentencing proceeding, to pronounce the mandatory five-year period of postrelease supervision (hereinafter PRS).

Contrary to the defendant's contention, the resentencing court was not required to exercise its discretion to consider whether the sentence as a whole was appropriate in view of the fact that the sentence would now include a period of PRS. At the resentencing proceeding, the court stated that, at the time it imposed the original sentence, it believed that if it did not pronounce a period of PRS, then it was understood that the maximum period of PRS would be imposed. Thus, the sentencing court clearly was aware that the defendant would be serving a period of PRS upon his release from prison (cf. *People v Stewartson*, 63 AD3d 966 [2009]).

Accordingly, the resentencing court properly declined to reconsider the imprisonment component of the defendant's sentence. Florio, J.P., Covello, Balkin and Leventhal, JJ., concur.