■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BOWMAN, Appellant. [883 NYS2d 727]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Marrus, J.), imposed March 14, 2007, upon his conviction of robbery in the second degree (two counts), upon a jury verdict.

Ordered that the resentence is affirmed.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying his request, at the resentencing proceeding, for an updated presentence report and an adjournment to allow defense counsel to prepare a sentencing memorandum. The court directed that the defendant be resentenced solely for purpose of correcting its procedural error in failing to pronounce the postrelease supervision (hereinafter PRS) component of his sentence (*see People v Sparber,* 10 NY3d 457, 472 [2008]), and the defendant's previously adjudicated status as a second violent felony offender mandated the imposition of a five-year period of PRS (*see* Penal Law § 70.45 [2]). The defendant's contention that the Supreme Court should have granted his request assumes that the resentencing court should have exercised discretion to reconsider the propriety of the originally-imposed term of imprisonment in view of the fact that the sentence would now include a period of PRS. However, since the defendant has not overcome the presumption that the original sentencing court was aware that the sentence would include a period of PRS, no such exercise of discretion was warranted in this case (*see People v Stewartson,* 63 AD3d 966 [2009]). Mastro, J.P., Rivera, Fisher and Eng, JJ., concur.