09-3592-pr
Carnell v. Paterson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of July, two thousand ten.

PRESENT: REENA RAGGI,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges*.

------------------------------------------------------------------------------------

ANTHONY CARNELL,
*Plaintiff-Appellant*,

v.                                                        No. 09-3592-pr

DAVID A. PATERSON, GOVERNOR, MICHAEL R. BLOOMBERG, MAYOR, ANDREW M. CUOMO, ATTORNEY GENERAL, NEW YORK STATE DIVISION OF PAROLE, PEOPLE OF THE STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF CORRECTIONS, AND NEW YORK STATE DEPARTMENT OF CORRECTIONS RECORD COORDINATOR,
*Defendants-Appellees*.

------------------------------------------------------------------------------------

FOR APPELLANT:                    Anthony Carnell, *pro se*, East Elmhurst, New York.

FOR APPELLEES:                    Andrew M. Cuomo, Attorney General of the State of

New York; Barbara D. Underwood, Solicitor General; Laura L. Johnson, Assistant Solicitor General, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's July 31, 2008 and July 29, 2009 orders are AFFIRMED.

Pro se plaintiff Anthony Carnell appeals from the district court's dismissal of his claim that New York state prison officials violated his civil rights by confining him for longer than his sentence. See U.S. Const. amend VIII; 42 U.S.C. § 1983; Fed. R. Civ. P. 12(b)(6).[1] We review the dismissal of a complaint de novo, accepting all factual allegations as true and drawing all reasonable inferences in plaintiff's favor. See Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009). In applying this standard, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Post-Release Supervision Claim

Carnell submits that defendants violated his constitutional rights by adding a five-year term of post-release supervision to his 2000 sentence for second-degree burglary.

---

[1]  Because Carnell does not argue that the district court erred in entering summary judgment for defendants on his claim that medical testing procedures for new inmates constitute cruel and unusual punishment, we deem any such argument abandoned. See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding that pro se litigant abandoned issue insufficiently raised on appeal).

2

"Government actors have qualified immunity [from] § 1983 claims insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Bolmer v. Oliveira, 594 F.3d 134, 141 (2d Cir. 2010) (internal quotation marks omitted); see also Pearson v. Callahan, 129 S. Ct. 808, 818 (2009) (permitting courts to determine first whether right was clearly established). At the time Carnell served his sentence, a term of post-release supervision was automatically imposed as part of any determinate sentence. See People v. Adams, 13 A.D.3d 76, 76, 785 N.Y.S.2d 331, 331 (1st Dep't 2004); People v. Lindsey, 302 A.D.2d 128, 129, 755 N.Y.S.2d 118, 119 (3d Dep't 2003); People v. Bloom, 269 A.D.2d 838, 838, 703 N.Y.S.2d 763, 763 (4th Dep't 2000); see also N.Y. Penal Law § 70.45(1) ("When a court imposes a determinate sentence it shall in each case state not only the term of imprisonment, but also an additional period of post-release supervision . . . ."). Indeed, Carnell was released in April 2006, before any court ever questioned the constitutionality of this practice. See Earley v. Murray, 451 F.3d 71, 76-77 (2d Cir. 2006) (decided June 9, 2006). Accordingly, we conclude that defendants are entitled to qualified immunity on this claim. Cf. Vives v. City of New York, 405 F.3d 115, 117 (2d Cir. 2005) ("[S]tate officials are entitled to rely on a presumptively valid state statute until and unless the statute is declared unconstitutional." (brackets and ellipses omitted)).

3

2.      Delayed Release Claim

Carnell contends that he is entitled to damages for having been released from the custody of the New York State Department of Correctional Services after his sentence actually expired. Counting Carnell's three misdemeanor sentences consecutively and as interrupting his term of post-release supervision, see N.Y. Penal Law §§ 70.15, 70.25(1)(b), 70.40(3), the district court concluded that Carnell was actually released four days before his post-release supervision should have ended. Because he was not arrested for his third misdemeanor until October 25, 2005, Carnell submits that the district court erred in attributing to his third misdemeanor sentence the period between August 10, 2005, when the district court stopped counting parole jail time, and October 25, 2005, when he was actually arrested for petit larceny. Under this calculation, Carnell's term of post-release supervision would have expired on March 19, 2006, twenty-two days before his actual release on April 10, 2006. But, on that date, Carnell would still have had at least a month remaining on the six-month sentence imposed following his October 25 petit larceny arrest. Thus, even if Carnell's post-release supervision would have ended sooner than the district court thought, Carnell still would not have been entitled to be released from custody until April 25, 2006, fifteen days after his actual April 10, 2006 release.

Because Carnell cannot state an Eighth Amendment claim that he was held in custody beyond the term prescribed by law, see ACEquip Ltd. v. Am. Eng'g Corp., 315 F.3d 151,

4

155 (2d Cir. 2003) (permitting affirmance on any ground appearing in record), we need not address the state's qualified immunity arguments.

We have considered Carnell's other arguments on appeal and conclude that they are without merit. Accordingly, we affirm the July 31, 2008 and July 29, 2009 orders of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court